## GIBBS *versus* LARRABEE.

Where it appears that a *way* had its *origin* in the action of the *town,* and has been repaired and used by the citizens as a town way for a *long series* of years, without any complaint of the *owner* of the land over which it passes; it may be inferred that *all* the requirements of the law had been complied with in its original location, though the *records* of the town may not exhibit *full proof* of such preliminary proceedings.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

TRESPASS, *quare clausum.*

The case was submitted to the Court with power to draw such inferences from the testimony as a jury might, and to enter such judgment as the rights of the parties might require.

The facts found by the Court are detailed in the opinion.

*Littlefield,* for defendant.

*Strout,* for plaintiff.

Rice, J. — The plan of the *locus in quo,* referred to in the report has not come into the hands of the Court. We understand, however, that the land of the plaintiff lies north of, and adjoining to the county road; that the brook is north of plaintiff's land, and that the house built by Ball, and afterwards occupied by Thompson, is situated north of the brook. The way, across which the plaintiff had constructed a fence, led from the county road, over his land, and across the brook, to the Thompson house. For removing the fence thus erected by the plaintiff on land of which he was the owner of the fee, by the defendant, in his capacity as highway surveyor, this action is brought.

The question thus presented for decision, is whether this way leading to the Thompson house was a legally established town way.

To show that such was the character of the way, the defendant introduced parol evidence showing the manner in which it had been used and repaired, and also the extracts from the records of the town, referred to in the report.

Reuben Ball testified that he built the Thompson house in 1825; that he lived in the house ten years; that while he lived there he always occupied the passage-way uninterruptedly as a highway. On cross-examination he testified, that Chase gave the town permission that he should cross his land, to the county road over this passage-way. That he called on the selectmen to lay him out a road, and that they did lay out a road over or near this pass-way; that when the town proceeded to act upon the location Chase objected to a town way through his door yard, and told the town that if they would not accept the road as located, Ball might travel over this pass-way to the main road. That the selectmen never located a road over this pass-way but once, and that the town did not accept the location, except so far as from the Thompson house to the south side of the brook.

That this was while Ball lived in the Thompson house, and that he afterwards traveled over this pass-way while Chase occupied and owned the Chase land, under permission of Rufus Chase, given at the time of the action of the town upon the location of the selectmen.

This witness evidently had no knowledge of, or had forgotten, the action of the town on the 30th of April, 1831. His testimony, however, is important as showing the preliminary action of the selectmen, and knowledge on the part of Chase.

The plaintiff also introduced evidence showing, that the way had been at times incumbered, and partially obstructed by him, in piling wood and lumber therein.

The records introduced are defective and do not show that all the requirements of the statutes then in force for the location of town ways had been complied with.

Where it is shown that a way had its orign in the action of the town, and has been used by citizens as a town way, and repaired by the town, as such, and that use has been acquiesced in by the owner of the land over which such way passes for a long series of years, an inference may fairly be drawn from such facts, that all the requirements of the statute had been complied with in its original location, though the records of the town may not exhibit full proof of all the preliminary proceedings required by law. *Commonwealth* v. *Belding*, 13 Met., 10; *Avery* v. *Stuart*, 1 Cush. 496; *State* v. *Bigelow*, 34 Maine, 243; *Bigelow* v. *Hillman*, *ante*, 52.

From all the evidence in this case, we are of opinion that the legitimate inference is, that the way in question from the Thompson house to the county road was a legally established town way, and that the defendant, acting as a surveyor of highways in said town, was authorized to remove the fence erected by the plaintiff by which it was obstructed.

*Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, HOWARD, HATHAWAY and CUTTING, J. J., concurred.