Cassidy v. Smith.

---

## PETER CASSIDY

### *vs.*

## JOHN SMITH.

To authorize the Town Supervisors to alter or discontinue any road, or lay out any new road, under the provisions of *Ch.* 13 *of the General Statutes*, it is essential that they be petitioned thereto by not less than six legal voters residing within one mile of the road to be altered, discontinued or laid out, and that a copy of such petition shall have been posted up in three of the most public places of the town at least twenty days before any action is had in relation thereto.

Under *Gen'l Stat.*, *Ch.* 13, where the order, in the record required to be kept, states by way of recital in the form of a legal conclusion the existence of all the jurisdictional facts, it is sufficient *prima facie* evidence, in a collateral proceeding.

This action was brought before a Justice of the Peace in

Rice County, to recover damages for a trespass upon real estate, and certified to the District Court, as involving the question of title.     The defense was, that the *locus in quo* was a public highway, and that the defendant was overseer of highways, and in performing the acts complained of was acting in his official character and under proper authority.     On the trial evidence on the part of the plaintiff was introduced, tending to show the possession of the premises by the plaintiff, the acts complained of and the damages sustained.     The defendant to maintain his defense, among other things offered in evidence the report of the Supervisors of the town in which the premises were situated, establishing the said highway ; which report, among other things, contained the following recitals :     " Whereas, upon the petition in writing of six legal voters residing within one mile of the route hereinafter described for a public highway, a copy of this petition having been duly posted as required by law, * * * * and having before determining to lay out said road fixed upon a time and place when and where we would meet to hear any reasons for or against laying out the same, and having caused written notices thereof to be posted up in three public places near the line of said road ten days previous to the time of said meeting," &c., &c.     The report contained an order laying out and establishing the road.     The plaintiff objected to the evidence on the ground that the signers of the petition for a road were not shown to be legal voters, or to reside within one mile of the road ;   because there was no evidence that the same had been posted, nor that the Supervisors had given the notice required by *Sec. 35 of Chap.* 13 *of the General Statutes of Minnesota.*     The objection was overruled and the evidence admitted ; to which the plaintiff excepted.     Under the same or similar objections the original petition for the road, the plat and report of the surveyor, and the statement of damages as-

Cassidy v. Smith.

sessed by the Supervisors, were received in evidence. Defendant proved that the acts complained of were committed by him while acting as overseer of highways in opening this road. The jury before whom the case was tried found a verdict for the defendant, and judgment was entered thereon. The plaintiff appeals to this Court.

Perkins & Mott for Appellant.

Batchelder & Buckham for Respondent.

*By the Court*—McMillan, J.—To authorize the Town Supervisors to alter or discontinue any road or lay out any new road under the provisions of *Ch.* 13 of the *General Statutes*, it is essential, we think, that they be petitioned thereto by not less than six legal voters residing within one mile of the road to be altered, discontinued or laid out, and that a copy of such petition shall have been posted up in three of the most public places of the town at least twenty days before any action is had in relation thereto. *Genl. Stat., Ch.* 13, *Secs.* 33–4–5, *pp.* 194–5 ; *Commr's vs. Harper*, 38 *Ills.*, 104 ; *Cosley et al. vs. Kennedy*, 38 *Ills.*, 145.

But what shall be sufficient evidence of the existence of these facts in a collateral proceeding ? The statute does not prescribe by what evidence these facts shall be established; they may therefore be proved by any competent evidence, by oral *ex parte* testimony, or in any other mode ; nor does the statute require the preservation of the evidence by which the facts are proved ; the proof therefore may never be reduced to writing. It will be seen that the only record required is the petition and the order of the supervisors, embracing the report of the surveyor and map of the survey. *Genl. Stat., Ch.* 13, *Secs.* 36–7, *p.* 195. Yet the facts necessary to author-

ize the board to act must exist and be proved to the board before they proceed. It might be urged from this that it was the intention of the law makers, that from the record required by law to be kept, the regularity of the proceedings should in all cases be conclusively presumed, and to this extent we find authority. *Nealy vs. Brown et al.*, 1 *Gilman*, 13. But we are not called upon to decide that question here, and intimate no opinion upon it. However this may be, we are of opinion that under this statute, where the order in the record required to be kept states by way of recital in the form of a legal conclusion, the existence of all the jurisdictional facts, as in this case, it is sufficient *prima facie* evidence in a *collateral proceeding*. *Barber vs. Winslow*, 12 *Wend.*, 102–4; *Ferris et al. vs. Bramble*, 5 *Ohio St. R.*, 112; *Wells et al. vs. Hicks*, 37 *Ills.*, 345; *Dumars et al. vs. Francis*, 15 *Ills.*, 545–6; *Exparte Clapper*, 3 *Hill*, 459; *Van Steenbergh vs. Bigelow*, 3 *Wend.*, 42.

The judgment appealed from is affirmed.