# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF NORTH DAKOTA

WILLIAM DUNSTAN *vs.* THE CITY OF JAMESTOWN, *et al.*

Opinion filed October 20th, 1897.

**Highways—Establishment—Location.**

> Under the statutes in force for the establishment by county commissioners of highways in 1880, and where there was no objection to the highway or the report of the viewers, such highway, if established at all, must be established as located and described by the viewers.

**Location Fixed by Viewers Controls.**

> While the statute provided that the plat and notes of the county surveyor, when a survey had been ordered by the board, should be held as presumptively correct, yet, when such plat differed from the location fixed by the viewers, the latter must prevail.

**Definiteness of Proceedings.**

> When the proceedings under the statute to create a highway are so definite and certain that a competent surveyor, with the records before him can locate the road, they are sufficient.

Appeal from District Court, Stutsman County; *Fisk*, J.

Action by William Dunstan against the City of Jamestown, Cha les L. Mitchell and John Mahoney to obtain an injunction rest aining defendants from entering upon the lands of plaintiff for the purpose of constructing, working and maintaining a highway upon the course surveyed and marked out by them, and from

N. D. R.—I

removing plaintiff's fences upon the line of such survey and from passing over and across and using the same as a public highway. Judgment for plaintiff and defendants appeal.

Affirmed.

*Ormsby McHarg*, for appellants.
*S. E. Ellsworth*, for respondent.

BARTHOLOMEW, J.   This action was brought to obtain a permanent injunction restraining the defendants from entering upon the lands of plaintiff for the purpose of working, constructing, or maintaining a highway between certain points. The case involved the question whether or not a highway had been legally established between said points. In June, 1896, the defendants Mitchell and Mahoney—an alderman and chief of police of the defendant city—entered upon plaintiff's land, removed his fences, and marked out a highway between said disputed points. The trial resulted in granting the relief prayed, and defendants appeal. A diagram will simplify the facts.

The heavy lines represent the alleged highway.   Respondent owns the N. ½ of the S. W. ¼ of section 31.   The dispute is as

to the existence of a highway between the points "a" and "a." Respondent's land is within the corporate limits of the City of Jamestown, but is unplatted. The evidence showed that in 1880 a petition was presented to the board of county commissioners of Stutsman County asking the establishment of a highway described in the petition as follows: "To start from the eastern terminus of Pacific avenue, in Jamestown, Stutsman County, D. T., and from said terminus to run east one-half mile on section line between sections 25 and 36, township 140, range 64; run on section line between section 31, township 140, range 63, and section 36, township 140, range 64, to the James River; thence down the east bank of said river to the dividing line between S. ½ and N. ½ of S. W. ¼ of Sec. 31—140—63; thence east on said line," etc. The sufficiency of this petition is not questioned, and it is conceded that the eastern terminus of Pacific avenue is at the quarter post on the north line of said section 36. On March 10, 1880, this petition was duly received by the board and viewers appointed as the statute required. On March 29, 1880, these viewers made their report, recommending the establishment of the highway, and describing the same, for all practical purposes, the same as described in the petition. On April 5, 1880, the report of the viewers was received and read, and a public highway ordered, and the clerk authorized to make a record thereof. The records of the board show that on June 9, 1880, the county surveyor was ordered to make a plat of the road, with plans and specifications for a bridge across the James river at a point further down than is shown on the diagram. The surveyor's notes show that on June 11 he made a survey and plat of the road, and made his report on June 21, 1880.

Two objections were urged as fatal to the establishment of any legal highway between the disputed points. The first goes upon the theory that the establishment and location of the highway might be shown by the surveyor's plat and notes, and it is claimed that, while h1e plat showed a connected highway, yet it did not comply with the notes, as the notes showed an impossible

highway. It is true that the law then in force (§ 689, Comp. Laws) made the surveyor's plat and notes presumptively correct. But this survey could not be ordered until after the road had been established. In this case both parties introduced in evidence the original proceedings for the establishment of the highway. The plat and notes are only presumptively correct. If they do not describe the highway as originally established, the presumption that they are correct is overcome, and any inconsistency or variance between the plat and the notes would become entirely immaterial.

This brings us to the second objection. It is undisputed, under the testimony, that the points "a" and "a" on the plat, instead of being on the bank of the river, are from 150 to 200 feet distant therefrom, nor does the platted road between the two disputed points in any sense follow the bank of the river. The road runs in a direct line, while the bank line is constantly changing its direction. The statute under which it was attempted to establish this highway appears in the Comp. Laws as §§ 1206 to 1217, inclusive. The first section provides for the petition which gives the board jurisdiction, and for the appointment of three persons to view the proposed highway. The next section prescribes how the viewers shall qualify and proceed with their duties. Section 1208 provides that "such viewers or a majority of them shall make a report of their proceedings at the ensuing session of the board of commissioners, * * * * * * giving a full description of such location * * * by metes and bounds and by its course and distance," etc. Section 1209 declares that: "If no objection be made to such proposed highway, such board shall cause a record thereof to be made and shall order the same to be opened and kept in repair," etc. As we have seen, the viewers were properly appointed in this case. They made their report, recommending the establishment of the highway, and described its location in part as "running south on section line between sections 36 and 31 to the east bank of the James river; then following east bank of James river to division line between south

half and north half of southwest quarter of section 31, township 140, range 63; thence east on said line," etc. We have seen that this report was received by the board April 5, 1880, and accepted, and the highway ordered, and the clerk directed to make a record thereof. If the road was not established upon the report of the viewers, then it never has been established. The survey was not made until more than two months thereafter, and no order establishing the highway was ever entered after the survey. It cannot be claimed that a survey was necessary to identify the description in the report of the viewers. It is true, that report did not give the distance in feet that the road followed the river bank, but it designated a known point where the road struck the bank, and a known point where it left the bank. No man of intelligence could misunderstand it, or be mistaken as to the locality of the road. The points of contact and departure being established, the road between those points must follow the river bank, and the exact distance could in no manner help to fix the location. The law does not require useless things. If the proceedings under a statute to create a highway are so definite and certain that a competent surveyor, with the record before him, could locate the road, it is sufficient. *Warren* v. *Brown*, 31 Neb. 8, 47 N. W. Rep. 633. This description went far beyond that requirement, and it established the highway, if at all, along the bank of the river, and not 200 feet distant therefrom, as shown by the plat. As the defendants in this case undertook to open a highway, not along the river bank, but along the line shown on the plat, and where no highway had ever been established, it follows that they were properly restrained. Some points that were presented in argument have not been noticed. Whether or not a highway was legally established along the river bank is a question not before us, and manifestly it would be improper for us to say anything on that point.

Affirmed. All concur.