THOMAS C. EKWORTZELL v. BLUE GRASS TOWNSHIP, August Gappert, Edward Friling, Peter Moos, Constituting Board of Supervisors of Said Township, August Weinreich, Clerk of Said Board, and Ben Beckett, Overseer of Highways of Said Township.

(147 N. W. 726.)

Trial *de novo.*

**Board of county commissioners — proceedings — highway — establishment — collateral attack.**

1. Certain proceedings of the board of county commissioners of Morton county appearing in the records of 1894, examined, and *held* to show the establishment of the highway in question. For reasons stated in the opinion, the attack of the plaintiff is collateral and is completely refuted by the recitals set forth in the opinion.

**Proceedings to establish highway — direct attack — laches.**

2. While not necessary to a decision of this case, this court would probably hold from the evidence that the plaintiff is guilty of such laches as would prevent a direct attack upon the proceedings at this time.

Opinion filed May 20, 1914.

Appeal from the District Court of Morton County, *Nuchols, J.*
Affirmed.

*W. H. Stutsman,* for appellant.

To constitute estoppel, one, by his acts or representations, or by his silence when he should speak, either intentionally or by his negligence must induce another to *believe* and to *act* to his injury. Pence v.

Arbuckle, 22 Minn. 417; Hawkins v. Methodist Episcopal Church, 23 Minn. 256.

Estoppel is interposed to prevent injustice and to guard against fraud, by denying to a party the right to repudiate his admissions when they have been rightfully and in good faith acted upon. Alexander v. Walter, 8 Gill, 239, 50 Am. Dec. 688; Taylor v. Zepp, 14 Mo. 482, 55 Am. Dec. 113.

No intendments are indulged in favor of an estoppel; but the pleader must fully set out all the facts essential to its existence. Troyer v. Dyar, 102 Ind. 396, 1 N. E. 728; Henderson v. Keutzer, 56 Neb. 460, 76 N. W. 881; McQueen v. Bank of Edgemont, 20 S. D. 378, 107 N. W. 208, and cases cited; Jones v. Peebles, 130 Ala. 269, 30 So. 564; Scott v. State, 1 Sneed, 629.

*B. W. Shaw,* for respondent.

The board having acted upon the petition, and having assumed jurisdiction, the existence of all preliminary facts will be presumed to have been established. This is absolutely true in case of collateral attack, like here presented. In such a case, the board's decision is final. Ely v. Morgan County, 112 Ind. 361, 14 N. E. 236; Todd v. Crail, 167 Ind. 48, 77 N. E. 402; Evansville, I. & C. Straight Line R. Co. v. Evansville, 15 Ind. 421; Adams v. Harrington, 114 Ind. 66, 14 N. E. 603; Strieb v. Cox, 111 Ind. 299, 12 N. E. 481; Cox County v. Montgomery, 106 Ind. 517, 6 N. E. 915; Terre Haute v. Beach, 96 Ind. 143; Chicago & A. R. Co. v. Sutton, 130 Ind. 405, 30 N. E. 291; Bowen v. Hester, 143 Ind. 511, 41 N. E. 330; Runner v. Scott, 150 Ind. 441, 50 N. E. 479; Knox County v. Aspinwall, 21 How. 539, 16 L. ed. 208; Evansville Ice & Cold Storage Co. v. Winsor, 148 Ind. 682, 48 N. E. 592.

All previous jurisdictional facts are presumed to exist, when the attack is collateral. State ex rel. Jenkins v. Harland, 74 Wis. 11, 41 N. W. 1060; State v. Minneapolis & St. L. R. Co. 88 Iowa, 689, 56 N. W. 401; Cassidy v. Smith, 13 Minn. 129, Gil. 122; Lingo v. Burford, 112 Mo. 149, 20 S. W. 459; State v. Lewis, 22 N. J. L. 564; 37 Cyc. 127.

A description of a proposed highway which is sufficiently definite to enable a surveyor to locate the highway is all that the law requires. Clift v. Brown, 95 Ind. 53; Adams v. Harrington, 114 Ind. 66, 14 N. E.

603; Henline v. People, 81 Ill. 269; Yankton County v. Klemisch, 11 S. D. 170, 76 N. W. 312.

Acquiescence in the layout of a road may work an estoppel to object. Freetown v. Bristol County, 9 Pick. 46; Re Woolsey, 95 N. Y. 135; State v. Wertzel, 62 Wis. 184, 22 N. W. 150; State v. Boscawen, 32 N. H. 331; Yankton County v. Klemisch, 11 S. D. 170, 76 N. W. 312.

A grantee of one estoppel is also barred. Miller v. Schenck, 78 Iowa, 372, 43 N. W. 225; Gurnsey v. Edwards, 26 N. H. 224.

Where a highway has been opened and used, its existence as such cannot be attacked collaterally. Miller v. Porter, 71 Ind. 521; Gurnsey v. Edwards, 26 N. H. 224; State v. Boscawen, 32 N. H. 331.

Burke, J. About June 5, 1894, a number of freeholders of the county of Morton petitioned the county commissioners to establish a highway extending for several miles and incidentally passing on the south line of a certain quarter section designated as the S. E. ¼ of 30–140–86, which tract was at that time owned by one Ruoff. This petition was signed, among others, by this plaintiff, who, however, did not at that time own the land. Proceedings were subsequently had whereby the county board appointed three freeholders of the county to act as viewers and report to the board. Those proceedings are set out in the minutes of the board of county commissioners under the date of July 2, 1894. On October 2, 1894, the three viewers reported to the county commissioners that they had slightly deviated from the section line in passing the above-described tract, and had gone thereon around several water holes which obstructed the section line. The county board declared said road open and a public highway. At that time there were no objections made by any person, nor any claim for damages made against the county by reason of the taking of the private land for this public use.

Early in the year 1906, said highway was surveyed by the county surveyor, who made and filed a report thereon, to the county board, which was approved on the 4th day of June, 1906, and no appeal has ever been taken from the action of the said board. All of these steps were taken under §§ 1206–1217, Comp. Laws 1887.

The said road has been in continuous use as a highway since October 2, 1894. In 1906 Ruoff, who was owner at that time, fenced said

quarter section along the south line, and placed two gates at the places where the fence intersected the road. Finding that the traveling public failed to close the gates after passing through the same, the latter moved the fence back, to avoid the intersection with the road. On July 25, 1907, this plaintiff, Ekwortzell, purchased the land from Ruoff, and in the year 1911 placed a fence upon the south line of said tract, but without leaving gates at the intersections of the road. The township supervisors of Blue Grass township caused this fence to be removed, claiming that it obstructed a public highway. Plaintiff then brought this action to restrain the defendants from interfering with this fence.

(1) This appeal is under the Newman act, which necessitates a trial of all issues anew in this court, but appellant has requested us to review only certain findings of the trial court which he claims are not supported by the evidence, and to review certain conclusions of law which he insists are not sustained by the findings of fact. There is no objection to this procedure. The respondent is, of course, satisfied with all of the findings and conclusions of law, and those that are satisfactory to the appellant will be assumed to be correct by this court. Appellant divides his arguments into some eighteen propositions, but we do not find it necessary to pass upon each of the questions raised. The trial court found that the county commissioners had jurisdiction to lay out said highway, and that the same is a valid and existing highway of said county. This is attacked by appellant upon several grounds, among which were that there was no proper petition presented in 1894; that no sufficient notices were posted at that time; that the viewers did not properly locate the highway; that the county board did not declare the road a public highway; and that the highway was not properly surveyed and reported.

All of those objections constitute an attempt to attack collaterally a record of the county board, which, upon its face at least, shows all of those jurisdictional steps to have been taken. Such attacks cannot be sustained in this action. The recitals in the minutes of the county board will be taken by this court as conclusive when attacked in a collateral suit. The record of the board of county commissioners contains the following recital under date of July 2, 1894: "The board, being satisfied that the proper notices had been posted for the time required by law, the prayer of the petitioners was granted, and Max Schultze, Edward

Frieling, and Phillip Geck were appointed viewers to. view proposed road and report to the board." On the 2d day of October, 1894, the following proceedings were had: "Moved by Mr. Ingleter, seconded by Mr. Fuhr:—Resolved, that the report of the committee appointed to view proposed road . . . be accepted with the following alterations. . . . Motion prevailed and said described was declared open and a public highway." On January 4, 1906, the proceedings show the following: "On motion the county surveyor's report on county road No. 34 was adopted and placed on file. Motion carried." Among the exhibits is the petition (or copy thereof) for county road; road viewers' report, and plat and report of a county surveyor.

All of the recitals as above stated should be and are accepted by this court as binding as far as this collateral attack is concerned, and show the road in question to be a legal highway. See: Todd v. Crail, 167 Ind. 48, 77 N. E. 402; Evansville, I. & C. Straight Line R. Co. v. Evansville, 15 Ind. 421; Ely v. Morgan County, 112 Ind. 361, 14 N. E. 236; Adams v. Harrington, 114 Ind. 66, 14 N. E. 603; Strieb v. Cox, 111 Ind. 299, 12 N. E. 481; Cox County v. Montgomery, 106 Ind. 517, 6 N. E. 915; Terre Haute v. Beach, 96 Ind. 143; Chicago & A. R. Co. v. Sutton, 130 Ind. 405, 30 N. E. 291; Bowen v. Hester, 143 Ind. 511, 41 N. E. 330; Runner v. Scott, 150 Ind. 441, 50 N. E. 479; Knox County v. Aspinwall, 21 How. 539, 16 L. ed. 208; Evansville Ice & Cold Storage Co. v. Winsor, 148 Ind. 682, 48 N. E. 592; State ex rel. Jenkins v. Harland, 74 Wis. 11, 41 N. W. 1060; State v. Minneapolis & St. L. R. Co. 88 Iowa 689, 56 N. W. 401; Cassidy v. Smith, 13 Minn. 129, Gil. 122; Lingo v. Burford, 112 Mo. 149, 20 S. W. 459; State v. Lewis, 22 N. J. L. 564; 37 Cyc. 127; Clift v. Brown, 95 Ind. 53; Henline v. People, 81 Ill. 269; Yankton County v. Klemisch, 11 S. D. 170, 76 N. W. 312.

(2) Paragraph No. 1 has disposed of practically all of the points raised by appellant, and renders unnecessary an extended discussion upon the question of estoppel, which is urged by respondent. It was held by the trial court that plaintiff and his grantor are guilty of laches in not making timely objection to the said road. There is considerable evidence upon this proposition, and we would probably hold the estoppel established under the facts of the case, did we deem it necessary to a decision of this case upon its merits.

Holding, as we do, that the road was legally and duly established so far as this lawsuit is concerned, it follows that defendants should not be enjoined in doing their duty and removing the obstruction. The judgment of the trial court is in all things affirmed.