## JOSEPH SEMERAD v. DUNN COUNTY, a Municipal Corporation, and the Board of County Commissioners of Dunn County.

(160 N. W. 855.)

**Words — "any action" — Compiled Laws — county commissioners — actions of — questions presented — petition — highway — establishing — proceedings — notices — posting.**

1. The words "any action" which occur in § 1924, Compiled Laws of 1913, refer to the action of the county commissioners in passing upon and determining the questions presented by a petition for the establishment of a highway, and, if the petition is posted twenty days before such action is taken by the board, the proceedings will not be nullified merely because such petition was not posted more than twenty days before the notices for the meeting were served and posted by the board.

**Board of commissioners — determination of — highways — appeals — damages — objections filed — objector — land of — orders made — collateral attack.**

2. An appeal lies in North Dakota from the determination of a board of commissioners both as to the route to be taken and the damages to be awarded in the case of the laying out of a highway under the provisions of §§ 1928 to 1939 of the Compiled Laws of 1913. And if in such a case the land of the objector is sufficiently described and the order of the commissioners covers the land of the objector and the survey is in conformity with the order, and the objector has been properly served, such objector cannot afterwards collaterally attack the regularity of the proceedings or the final determination of the board.

**County commissioners — highway — establishing — order on — survey — route — order controls.**

3. Where the county commissioners seek to establish a highway and enter an order specifying the route, a survey which is subsequently made cannot vary or alter that route, and the order, and not the survey, must govern.

**Highway — route of — description of — particulars — order — void when.**

4. Where the county commissioners seek to establish a highway, the route of

such highway must be described in terms which are intelligible to a reasonably intelligent man, and where an order fails in this particular, it will be void and of no effect.

Opinion filed December 21, 1916.

Appeal from the District Court of Dunn County, *W. C. Crawford*, J. Action to restrain the construction and maintenance of a highway. Judgment for defendants. Plaintiff appeals.
Reversed.

Statement of facts by BRUCE, J.

This is an action for a permanent injunction restraining the county of Dunn, its board of county commissioners, and all of its other officers from entering upon plaintiff's land for the purpose of constructing or maintaining a highway, and from passing over and across and using same.

The appeal is from an order sustaining a demurrer to the complaint and from the judgment entered thereon.

The complaint in substance alleges that on March the 15th, 1909, a petition was presented to the board of county commissioners and was posted by copies in three places; that on March the 10th, 1909, notice of a meeting to hear said petition was served and also posted in three places; that on May 18th, 1909, the commissioners held a meeting and granted the petition and determined to lay out a highway, describing the same in substantial conformity with the description given in said petition as follows, to wit: "Beginning between sections 31 and 32–142–97, then south and thence east between sections 5 and 32, and sections 4 and 33 and 3 and 34 east, then south between sections 2 and 3–141–97, then on the northeast corner of section 10–141–97, then nearly one-half mile south, then back to section line between 10 and 11–141–97, then between sections 14 and 15, sections 23 and 22 south, then each between sections 23 and 26, then diagonally across the east half of the northwest quarter and then straight east between sections 25 and 30 east, twp. 141, range 97 and 96; that said commissioners then and there made an order therein which is as follows: 'It is therefore ordered and determined that a road be, and the same is, hereby ordered and established according to the description last aforesaid, and it is hereby

declared to be a public highway 4 rods wide, the said description above given being the center of said road;' that all of the foregoing is more fully disclosed in a certified copy of the order and other proceedings therein and the whole thereof marked 'exhibit A' attached to and made a part of this complaint."

The complaint then alleged that on the 18th day of May, 1909, said commissioners made an award of damages in said proceedings and allowed $50 as damages on the northeast quarter of Sec. 22, twp. 141, range 97; that said allowance was the only awarded damage at any time made for any of the lands affected by said road and granted in said order.

It further alleges that the road order made by said county commissioners on May 18, 1909, in the part thereof reciting that a survey had been made and a survey map was attached, is not according to the facts, but is false or assumed, and insufficient; that, on the contrary, a survey therein was caused to be made more than two years thereafter; to wit, July 24, 1911.

The complaint further alleged that the plaintiff is, and at all times herein mentioned was, the owner of the northwest quarter of sec. 25, twp. 141, range 97, and at all times was in open and notorious possession thereon; that aforesaid county commissioners' proceedings embraced the attempt to establish a public highway across plaintiff's aforesaid land, but that said proceedings were and are entirely irregular and insufficient; that said petition did not contain plaintiff's name as owner of aforesaid land, or any description thereof; that no part of aforesaid land was at all, or in any manner whatever, described in said petition as part of, or required for, said road; that said petition and the order of said commissioners did not give an accurate description of the course of the highway to be established, or the point at which it was commenced, or the point where it was terminated; that the diagonal part of said road across plaintiff's aforesaid land is not described in said petition or in said order of said county commissioners by metes and bounds, or at all or in any way sufficient in law; that said road order, together with the other papers in said proceedings, except the award for damages, was filed in the office of the auditor of said county contrary to law, that is within more than five days after having been made out; to wit, on May 26, 1909; that the plaintiff, since the action of said

commissioners in said proceedings was at all times irregular and insufficient, did not appeal therein; that plaintiff has received no damage for any are attempted to be provided for road purposes across plaintiff's aforesaid land; that said action of said county commissioners, if effective, would deprive plaintiff of his property contrary to law, etc.

*W. F. Blume,* for appellant.

In establishing highways the provisions as to time and notice must be strictly observed.   37 Cyc. 66 and cases cited.

The record of the proceedings must show that a proper notice of the meeting of the commissioners was duly served, published, or posted; otherwise the proceedings will be void.

The fact of service, and not the proof of it, gives jurisdiction.   Krenik v. Cordova, 95 Minn. 372, 104 N. W. 130; Thompson v. Berlin, 87 Minn. 7, 91 N. W. 25.

Notices shall be served in the manner designated by law, and proof of service shall be made in the prescribed way.   State, Clark, Prosecutor, v. Elizabeth, 32 N. J. L. 357; Babb v. Carver, 7 Wis. 124; Adams v. Clarksburg, 23 W. Va. 203; Hemingway v. Chicago, 60 Ill. 324; Coquard v. Boehmer, 81 Mich. 445, 45 N. W. 996; Anderson v. San Francisco, 92 Minn. 57, 99 N. W. 420.

In a proceeding to establish a highway the owner or occupant of land affected must be made a party respondent.   Ft. Wayne v. Ft. Wayne & J. R. Co. 149 Ind. 25, 48 N. E. 342; Sherman v. Peterson, 91 Mich. 480, 51 N. W. 1122; Lyle v. Chicago, M. & St. P. R. Co. 55 Minn. 223, 56 N. W. 820.

To justify the establishment of a highway by local officers, there must be statutory authority therefor, and such statutes, in so far as they authorize the taking of private property for public use, will be strictly construed.   37 Cyc. 53; Curran v. Shattuck, 24 Cal. 427; Funderburk v. Spencler, 234 Ill. 574, 85 N. E. 193; Hyslop v. Finch, 99 Ill. 171.

Failure to give notice will invalidate the proceedings.   Notice, as required, is jurisdictional.   Audubon v. Hand, 231 Ill. 334, 83 N. E. 196; Highway Comrs. v. Smith, 217 Ill. 250, 75 N. E. 396; People ex rel. Willis v. Smith, 7 Hun, 17; Re Greenwood Twp. Road, 23 Pa. Co. Ct. 85; McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; La Farrier v. Hardy, 66 Vt. 200, 28 Atl. 1030; Austin v. Allen, 6 Wis. 134.

It is essential to the validity of these proceedings that the tribunal before which they are prosecuted should have jurisdiction both of the subject-matter and of the persons of those whose land is sought to be appropriated. People ex rel. Atty. Gen. v. Brown, 23 Colo. 425, 48 Pac. 661; State, Loucheim, Prosecutor, v. Hemsley, 59 N. J. L. 149, 35 Atl. 795; Thatcher v. Powell, 6 Wheat. 119, 5 L. ed. 221; Dyckman v. New York, 5 N. Y. 434; Smith v. Rice, 11 Mass. 507; Schell v. Leland, 45 Mo. 289.

Jurisdiction of the subject-matter and of the parties is required and must affirmatively appear on the face of the record of the proceedings. Commissioners Court v. Thompson, 18 Ala. 694; Highway Comrs. v. People, 2 Ill. App. 24; Crossley v. O'Brien, 24 Ind. 325, 87 Am. Dec. 329; Wabaunsee County v. Muhlenbacker, 18 Kan. 129; People ex rel. Mead v. Highway Comrs. 16 Mich. 63; Whitely v. Platte County, 73 Mo. 30; Miller v. Brown, 56 N. Y. 386.

The description must be sufficiently plain, clear, and accurate that it will be understood by persons of ordinary intelligence, and such as to enable a surveyor to locate it. Elliott, Roads & Streets, 350.

The character of the place of beginning and ending of the proposed highway has a bearing on the question of the public necessity, utility, and convenience of the highway. The notice must point out these things. 37 Cyc. 46; Behrens v. Highway Comrs. 169 Ill. 558, 48 N. E. 578.

The land ordered taken or affected must be described with certainty, and the survey must be made a part of the order. Dunstan v. Jamestown, 7 N. D. 1, 72 N. W. 899; State ex rel. Milwaukee, L. S. & W. R. Co. v. O'Connor, 78 Wis. 282, 47 N. W. 433; Beck v. Biggers, 66 Ark. 292, 50 S. W. 514; Phillips v. Tucker, 3 Met. (Ky.) 69; State, Taylor, Prosecutor, v. Hulick, 37 N. J. L. 70; Re O'Hara Twp. Road, 152 Pa. 319, 25 Atl. 602; Re Road, 17 Pa. Co. Ct. 39; Rose v. Garrett, 91 Mo. 65, 3 S. W. 828.

In condemnation proceedings there should be such a description that the property to be taken may be ascertained from the record. McDonald v. Payne, 114 Ind. 359, 16 N. E. 795; Rud v. Pope County, 66 Minn. 358, 68 N. W. 1062, 69 N. W. 886.

The burden of proving the legal establishment and existence of a public highway is on the public authorities or other parties who allege

its existence. 37 Cyc. 154 and cases cited; Dingwall v. Weld County, 19 Colo. 415, 36 Pac. 148; Van Wanning v. Deeter, 78 Neb. 284, 110 N. W. 703, 112 N. W. 902; Bare v. Williams, 101 Va. 800, 45 S. E. 331.

The survey must not vary from the location ordered. Phipps v. State, 7 Blackf. 513; Butler v. Barr, 18 Mo. 357; Dunstan v. Jamestown, 7 N. D. 1, 72 N. W. 899.

.The statutes must be strictly complied with as to filing the order. Comp. Laws 1913, § 1927; Elliott, Roads & Streets, 402; Prescott v. Beyer, 34 Minn. 493, 26 N. W. 732; Highway Comrs. v. Barry, 66 Ill. 496; Dolphin v. Pedley, 27 Wis. 469; Cole v. Van Keuren, 6 Thomp. & C. 480; Burns v. Multnomah R. Co. 8 Sawy. 543, 15 Fed. 177; 15 Am. & Eng. Enc. Law, 2d ed. 385; Poole v. Breese, 114 Ill. 594, 3 N. E. 714; Wright v. Highway Comrs. 145 Ill. 48, 33 N. E. 876.

The Constitution requires that the question of compensation shall be determined by an impartial tribunal. Nor is it competent for the legislature to provide that the compensation may be fixed by the corporation asking to condemn the land, nor that it be fixed by an agent or officer of such corporation. Elliott, Roads & Streets, 301, and cases cited; Chase v. Evanston, 172 Ill. 403, 50 N. E. 241; Cunningham v. Campbell, 33 Ga. 625; Kramer v. Cleveland & P. R. Co. 5 Ohio St. 140; Powers v. Bears, 12 Wis. 214, 78 Am. Dec. 733.

*Thos. G. Johnson,* for respondents.

Where there is an award of damages for taking property for public highway purposes, and where by error of the county auditor or clerk the description is erroneous as to the quarter section, this fact would not invalidate the proceedings. 23 Cyc. 854.

Where a tribunal is invested by law with the original jurisdiction of a subject, like the laying out of a public highway, its decisions are not necessarily void, although the decision on the question of the right to proceed may be erroneous. Elliott, Roads & Streets, § 300.

If not void, but merely voidable, they cannot be attacked in a collateral proceeding. Elliott, Roads & Streets, § 378.

A party interested and who should have received notice of the meeting, if personally present, is estopped to question the validity of the

proceedings, because no notice was served upon him. 37 Cyc. 97, 130, and notes 15 and 17.

Such a party has had his day in court. Elliott, Roads & Streets, 2d ed. § 379.

Where jurisdiction has once been acquired, a collateral attack cannot succeed. Davenport Mut. Sav. Fund & L. Asso. v. Schmidt, 15 Iowa, 213; 37 Cyc. 136.

The time of making the survey is not material. Ekwortzell v. Blue Grass Twp. 28 N. D. 20, 147 N. W. 726; Dunstan v. Jamestown, 7 N. D. 1, 72 N. W. 899; 37 Cyc. 75..

The statute requiring the order to be filed within five days is merely directory. The order does not become void until after twenty days. Wayne v. Caldwell, 1 S. D. 483, 36 Am. St. Rep. 750, 47 N. W. 547.

Appellant's failure to attack the order in reasonable time after it was made and filed constitutes such laches as to bar him from contesting or disputing same at this late date. 37 Cyc. 130.

BRUCE, J. (after stating the facts as above). Counsel for respondent first urges that the attack is a collateral one and upon proceedings which are quasi judicial in their character. He therefore asserts that the remedy of the plaintiff and appellant, if any, was by appeal, and not by injunctional proceedings.

In this contention we believe he would be correct, provided that the record showed that the proceedings mentioned covered the property now in controversy, and that a definite route was prescribed which should pass thereover.

The portions of the statute which need to be considered here are as follows:

Section 1923, Compiled Laws of 1913: "The board having jurisdiction . . . may alter or discontinue any road or lay out any new road upon the petition of not less than six legal voters, who own real estate, or who occupy real estate under the homestead laws of the United States, or under contract from the state of North Dakota, in the vicinity of the road to be altered, discontinued or laid out; said petition shall set forth in writing a description of the road and what part thereof is to be altered or discontinued; and if for a new road, the names of the owners of the land, if known, over which the road is to pass, the point

at which it is to commence, its general course, and the point where it is to terminate; etc."

Section 1924: "Whenever such number of legal voters determine to petition, as aforesaid, for the alteration or discontinuance of any road, or for the laying out of any new road, they shall cause a copy of their petition to be posted up in three of the most public places in the county or township having jurisdiction thereof twenty days before any action is had in relation thereto."

Section 1925: "When the board having jurisdiction receives a petition in compliance with preceding sections, . . . they shall, within thirty days make out a notice and fix therein a time and place at which they will meet and decide upon such application, and the applicant shall, ten days previous to such time as so fixed, cause such notice to be given to all occupants of the land through which such highway may pass, which notice shall be served personally or by copy left at the abode of such occupant. The said board shall also cause copies of such notice to be posted in the three public places in said county or township, at least ten days previous to such meeting; every such notice shall specify, as near as practicable, the highway proposed to be laid out, altered or discontinued, and the tract of land through which the same may pass, etc."

Section 1926: "The board upon being satisfied that the notices required in the preceding sections have been duly served . . . shall proceed to examine such proposed highway and shall hear any reasons for or against the laying out, altering or discontinuing the same, and decide upon the application as they deem proper."

Section 1929: " . . . In case the board and the owners of land claiming damages cannot agree, . . . the board shall in their award of damages specify the amount of damages awarded to all such owners, giving a brief description of such parcel of land in their award; the board having jurisdiction shall assess the damages at what they deem just and right to each individual claimant with whom they cannot agree, etc."

As far as the preliminary proceedings which are required by the statute are concerned, the necessary steps seem to have been taken with the exception that the petitions were not posted until March 15, 1909, and that the land of the plaintiff through which the road was supposed

to run and which is here involved was not mentioned or described; the petitioner was made a party defendant in the preliminary proceedings and was personally served.

We do not believe that the failure to post the petitions until March 15, 1909, in itself deprived the commissioners of jurisdiction in the matter. Even though the petitions were not posted more than twenty days before the posting and service of the notices of the meeting, they were posted more than twenty days before the meeting and the hearing on the petition, which was on May 18, 1909.

Section 1925 provides that after receiving the petition the board shall have thirty days in which to make out a notice of the date and place of meeting to pass upon the same, and that that notice shall be served and posted ten days before such hearing. Section 1926 specifies, as the only prerequisite to the right of the board to proceed to a hearing in the matter, the satisfaction on their part "that the notices required in the preceding sections have been duly *served."*

It is true that § 1924 prescribes that "whenever such number of legal voters determine to petition, as aforesaid, for the alteration or discontinuance of any road, or for the laying out of any new road, they shall cause a copy of their petition to be posted up in three of the most public places in the county or township having jurisdiction thereof twenty days before any action is had in relation thereto."

This provision, however, we must construe in the light of the other sections mentioned and as a direction to the petitioners rather than to the board, and we must construe the word "action" which is therein contained to relate merely to the hearing and determination of the petition.

The complaint admits that the notices required to be given by the commissioners were served. This service is elsewhere shown in the exhibits. The plaintiff, therefore, had the opportunity for his day in court and an opportunity after the petitions had been posted for more than twenty days.

It is clear that although the property involved in this suit was not specifically described either in the petition or in the order or even in the survey, yet, if it was so described as to make the route clear to any reasonably intelligent man, and since the petitioner was made a party defendant and served, a technical description was not necessary.

Dunstan v. Jamestown, 7 N. D. 1, 72 N. W. 899; Ekwortzell v. Blue Grass Twp. 28 N. D. 20, 147 N. W. 726; 37 Cyc. 75.

It is also clear that no matter what may be the rule in other jurisdictions, in North Dakota an appeal lies from the determination of the commissioners, both as to the route to be taken and the damages to be awarded. See Comp. Laws 1913, §§ 1928, 1931, 1935–1939.

If, therefore, the land of the petitioner was sufficiently described, and the order of the commissioners covered this land, and the survey was in conformity with that order, it is clear that plaintiff cannot in this collateral attack question the regularity of the proceedings or the final determination of the said board. Ekwortzell v. Blue Grass Twp. supra.

We are satisfied, however, that the land involved was not sufficiently described, and that, as far as this land is concerned at any rate, both the order of the commissioners and the subsequent survey were nullities. They were nullities because they are absolutely unintelligible. 37 Cyc. 103; Beck v. Biggers, 66 Ark. 292, 50 S. W. 514; Re O'Hara Twp. Road, 152 Pa. 319, 25 Atl. 602; Rud v. Pope County, 66 Minn. 358, 68 N. W. 1062, 69 N. W. 886; Dunstan v. Jamestown, 7 N. D. 1, 72 N. W. 899.

If the highway is being attempted to be opened along the line of the survey which was made two years after the filing of the order of the commissioners, the proceeding is entirely void. In any view of the record, that line does not start at the point contemplated by the order, that is to say at the southeast corner of sec. 23, or the northeast corner of sec. 26, but 92 feet west thereof. There is in the record no subsequent order approving this survey, and the survey, therefore, and the route therein prescribed, are absolute nullities. Dunstan v. Jamestown, supra; Butler v. Barr, 18 Mo. 357; Phipps v. State, 7 Blackf. 513.

But even the order itself is unintelligible. After tracing the highway for a certain distance, it provides that it shall run "then east between sections 23 and 26, then diagonally across the east half of the northwest quarter, and then straight east between sections 25 and 30."

It will be noticed that nothing is said of the west half of the northeast quarter, and it is absolutely necessary that the highway should run through this half in order to reach the east half. But even if we assume that the road was to run through this half, where was it to begin and

where was it to end? We may assume that it was to begin at the northeast corner of section 26, or the southeast corner of section 23,—in fact if it does not begin there no other definite location is given and it begins nowhere, but where is it to end? All that the order prescribes is that it shall run diagonally across the east half of the northwest quarter, and then straight east between sections 25 and 30. We are even compelled to interpolate the words "of section 25" after the northwest quarter, for the section is not given. Even if it is a northwest quarter of section 25 and the road is then to run straight east between sections 25 and 30, at what point on the line between sections 25 and 30 is the line to connect?

The fact that the commissioners themselves were in doubt is evidenced by the fact that the survey and the order are inconsistent with one another. The word diagonal as a noun is defined by Webster as, "A right line drawn from one angle to another not adjacent of a figure of four or more sides and dividing it into two parts." As an adjective it is defined "as joining two not adjacent angles of a quadrilateral or multilateral figure; running across from corner to corner; crossing at an angle with one of the sides." If the angle formed by a diagonal line was required to be an angle of 45 degrees from the line which is at right angles with the point at beginning, the problem would be simple, but such is not the meaning of the word. It may be at any angle with such a line and that angle is determined, not by the point of beginning, but by the point of ending.

No man, however intelligent, can do any more than to guess at the intention of the commissioners, and such a description is not binding upon anyone.

The judgment of the District Court is reversed and the cause is remanded for further proceedings according to law.