LARS KLEPPE, Appellant, v. ODIN TOWNSHIP, McHenry County, North Dakota, et al., Respondents.

(169 N. W. 313.)

**Highway — laying out — petition for — requirements of law — must be sufficiently definite — description of lands or route — to enable surveyor to locate.**

1. All that the law requires of a petition for the laying out of a highway, which is filed under the provisions of § 1925 of the Compiled Laws of 1913, is that it shall be sufficiently definite as to description to enable a surveyor to locate the highway and to be reasonably intelligible to a reasonably intelligent man.

**Board — jurisdiction of — order laying out road — filing — time of — failure to timely file — "deemed" — meaning of — disputable presumption.**

2. The word "deemed" which occurs in § 1927 of the Compiled Laws of 1913

and in the phrase "and in case the board having jurisdiction shall fail to file such order within twenty days it shall be deemed to have decided against such application" refers to a disputable presumption.

**Court of equity — public highway — existence of — right to question — order — failure to file — road in existence for sixteen years — used as public highway — public money used to maintain — worked — road taxes paid — person who has so used road — existence impliedly recognized — is in no position to question.**

3. A person has no standing in a court of equity to question the existence and right of maintenance of a public highway on account of a failure to have the order locating the same filed with the county auditor, where such highway has been continuously used for sixteen years after the filing of the petition for the road, and during such time public money has been expended thereon and road taxes worked thereon, and during such sixteen years the said objector has impliedly recognized its existence, petitioning both the board of county commissioners and the board of township supervisors, and has, until the bringing of the suit, at no time otherwise questioned the validity of its creation.

Opinion filed October 25, 1918.

Action to enjoin the maintenance of a public highway.

Appeal from the District Court of McHenry County, Honorable *A. G. Burr,* Judge.

Judgment for defendants. Plaintiff appeals.

Affirmed.

Statement of facts by BRUCE, Ch. J.

This is an action to have a certain highway decreed to have been illegally established and not to exist, and to restrain the defendant from in any way entering upon, working, or repairing the same. The defendant asserts the legality of the establishment and has also pleaded estoppel and title by prescription. The trial court found for the defendant township and the plaintiff appeals.

Two quarter sections of land which are owned by the plaintiff are affected by the highway. One was pre-empted from the government in 1902 and the other was purchased from the state at a school land sale in 1915. The road is what is called the Hogback road, and for the greater part if not all of its course, and, at any rate, where it passes through the plaintiff's land, runs along a natural backbone or

ridge or hogback, which was evidently once the dividing line between the two lakes, is well gravelled, and graded by nature, of an average height of from 10 to 15 feet and of an average breadth of from 20 to 50 feet, extends for a length of about 5 miles, and appears in every way to be a natural highway whose course is well defined and apparent to all. This highway appears to have been driven on in the early sixties, in 1881, and continually thereafter until the time of trial. There is also evidence that in 1882 the buffalo hunters claimed that it had been used as a cart trail as long as they could remember. The trial court has found and we believe correctly:

"That on or about July 2, 1900, there was filed with the board of county commissioners of McHenry county, North Dakota, a petition in due and legal form signed by a legal and sufficient number of citizens, voters, and taxpayers in the vicinity of the road to be opened praying for the opening of said Hogback road and described in said petition as follows: 'Leaving the county road on the half section line in § 29, township 154, range 78, and running south to where it strikes what is called the backbone or ridge running southeast to Soo railroad, then following the railroad to Main street at Balfour,' and thereafter such due and legal proceedings were had upon said petition, and the same having been legally posted and notice given in the manner provided by law of the hearing thereon, the said board of county commissioners of McHenry county, North Dakota, on April 1st, 1901, opened, and laid out said road by an order made in the form following, to wit: 'The board on motion resolved that the above described [road] be ordered opened and laid out as follows: That said road be running in accordance with petition as far south as the beginning of the organized township of Balfour. Further, that said road be surveyed at once, the survey to be paid by the several road districts through which the road runs. Motion carried.'

"That at the time said proceedings were had before said board of county commissioners the defendants, Odin township and Lake Hester township, were unorganized and the said board of county commissioners was a board of proper jurisdiction in said matter, and the petition so filed with said board was in sufficient legal form to confer upon said board of county commissioners of McHenry county, North Dakota, jurisdiction therein.

"That thereafter the said road was surveyed and a proper survey of the same made and a record thereof made and filed in the office of the county auditor in and for McHenry county, North Dakota, and it is now of record therein.

"That ever since said proceedings were so had before said board of county commissioners said road has been open to public use and has been continuously traveled and used by the public and the said defendants, McHenry county, Odin township and Lake Hester township have expended various sums of money in improving the same, and in maintaining the same in a proper condition for public use and travel.

"That the road so opened as a result of the petition so filed is peculiarly adapted to travel and of a condition which does not require a great amount of work or expense to maintain the same in condition for public use and travel.

"That said Hogback road was an established road in 1882, and has been in continuous use and travel ever since said time, and said road was used and traveled as early as 1861, and said road has been used and traveled continuously and included in a road district and road districts within McHenry county, North Dakota, for more than twenty years since the 29th day of March, 1897.

"That the said plaintiff came to McHenry county, North Dakota, after the said proceedings were so had before the said board of county commissioners, and at the time of acquiring the title to the land owned by him, and at the time of filing on the same under a homestead, he had knowledge and well knew that said road was located upon said land and was being traveled and used by the public as a public road and highway.

"That in the year 1909 the said plaintiff filed with the board of county commissioners of McHenry county, North Dakota, a petition in due and legal form requesting said board to discontinue said road and to vacate the same. That thereafter the said plaintiff filed a similar petition with the board of township supervisors of Odin township, which said board was a board of proper jurisdiction in said matter, asking and requesting said board to discontinue and vacate said road; that the board of county commissioners of McHenry county and the board of township supervisors of Odin township duly de-

nied the said petitions of the said plaintiff, and the said plaintiff took no appeal from the order of either of said boards, and did not appeal therefrom.

"That no appeal was taken by any person from the proceedings had before the board of county commissioners of McHenry county, North Dakota, opening and laying out the said road in the year 1901.

"That the plaintiff has for a great many years recognized said road to be a legal road, and has considered the same to be such, and the said plaintiff has had knowledge during all of said time and well knew that the said road was being used and traveled by the public continuously, and that the said defendants were expending work and money upon said road to keep the same in a proper condition of repairs for public use and travel.

"That the public road or highway involved in this action has been during all of the times referred to in the plaintiff's complaint, and for a great many years prior thereto, and as early as the year 1882, known and designated as the Hogback road, and the said road is located upon a ridge of a peculiar geological formation of ground, making the same well known to the citizens and residents of the county, and giving to the said road an identity and route which is fixed, and has been fixed during all of said times, and is a matter of common knowledge, and a place well known within the county of McHenry and state of North Dakota.

"That that certain public road or highway described in the plaintiff's complaint herein, commonly and well known as the Hogback road, is a public road and highway by virtue of public use and travel, and by virtue of having been laid out and opened by a board of competent jurisdiction, and by virtue of having been opened and laid out in accordance with law."

There can be no dispute in our opinion as to the correctness of all of these findings, with the possible exception of the last, and this will be discussed in the opinion.

*Charles D. Kelso,* for appellant.

In order to acquire prescriptive right the use must be twenty years before the repeal of the prescriptive statute. Thus to get this highway by prescription it must be shown it was travelled identically in

the present route continuously for twenty years prior to the repeal of the law. Burleigh County v. Rhud (N. D.) 136 N. W. 1082; 37 Cyc. 18.

The mere signing of a petition for a highway does not estop unless it can be shown that it acted in the nature of an estoppel *in pais*. It certainly cannot be said from the record here that this is an estoppel by record or by deed, and hence it must be by personal act. Wickre v. Independent Twp. (S. D.) 141 N. W. 973.

In order to effect an estoppel *in pais* there must not only be the act of the estopped party, but the one claiming estoppel must have been misled to his prejudice, and induced to take some position, or to have done some act, or to have refrained from performing some act, to his detriment. 2 Pom. Eq. Nos. 804, 805, §§ 812, 817; 16 Cyc. 733 (note 20), 742, 743; Skavdale v. Moyer (Wash.) 46 L.R.A. 481.

If a road was not legally created in the first instance an interested party may at any time thereafter have it so determined by the courts. It is the contention of appellant that this highway never had a legal existence. The board never filed its order laying out such highway. Semoras v. Dunn County, 160 N. W. 855.

In laying out a highway the provisions of the statute must be strictly followed. People v. Scioto Twp. Board, 3 Mich. 121; Ruhland v. Hazel Green (Wis.) 13 N. W. 877; 37 Cyc. 53, note 28; Semerad v. Dunn County (N. D.) 160 N. W. 855.

When the matter attacked is void, it may be assailed collaterally. 160 N. W. 855; Exwartzell v. Blue Grass Twp. (N. D.) 147 N. W. 727.

There can be no laches where the act sought to be set aside was void from the beginning. Galway v. Met. El. R. (Ill.) 28 N. E. 479; Burrell v. Am. Tel. & Tel. Co. (Ill.) 8 L.R.A.(N.S.) 1091; Lawrence Ry. Co. v. O'Hara (Ohio) 28 N. E. 175; Dailey v. State (Ohio) 37 N. E. 710; Waysata v. G. N. R. Co. (Minn.) 49 N. W. 205; Blew v. Ritz (Minn.) 85 N. W. 548; Woll v. Voight (Minn.) 117 N. W. 608; Red River Valley Brick Co. v. Grand Forks (N. D.) 145 N. W. 725; Davis v. Frankenlust Twp. (Mich.) 76 N. W. 1045; Shearer v. Hutterische Bruder Gemininde (S. D.) 134 N. W. 63;

Gronna v. Goldammer (N. D.) 143 N. W. 394, 398; Quinn v. Tully (Mich.) 140 N. W. 492, 496; 16 Cyc. 777 and 778.

*J. H. Ulsrud (John C. Thorpe of counsel)*, for respondents.

The title to the lands along the highway here in question was in the government when the road was laid out. The right to lay out such highway was granted by the government over public lands not reserved for public uses, and this grant was duly accepted by territorial act, and further accepted when the county commissioners established the road, or at the time the adverse use ripened into right by prescription. Koloen v. Pilot Mound Twp. 33 N. D. 529.

In laying out a highway it is true the statute provides for the filing of an order to be made and signed by the board of county commissioners, and unless such order is so made and filed the commissioners are deemed to have decided against the petition. This merely amounts to a disputable presumption. Corey v. Spencer, 75 Pac. 920; Lorence v. Sedligh, 50 Pac. 600.

Where it is shown that the way had its origin in the action of the town; that it has been in use as a highway by the public for many years; that money has been appropriated and used for its maintenance; that road taxes have been assessed and collected and that the objector not only signed the original petition but has been for years one of the users of such highway, all presumptions and inferences must be indulged in favor of the legality of the way, and such objector is in no position to question in equity its legality. Crimson v. Deck (Iowa) 51 N. W. 55; Gibbs v. Lariaver, 37 Me. 506; State v. Alstad, 18 N. H. 59; Clarke v. Mayo, 4 Call (Va.) 374; Commonwealth v. Logan, 5 Litt. (Ky.) 286; Semeras v. Dunn County, 160 N. W. 855; Ekwartzell v. Blue Grass Twp. 147 N. W. 727; 10 R. C. L. 700–702; State v. Wertzel, 22 N. W. 150; Ross v. Thompson, 78 Ind. 90; Freetown v. Bristol County Comr. 9 Pick. 46; Re Woolsey, 95 N. Y. 135; Stronsky v. Hickman, 88 N. W. 825.

The description as found in the petition is full and complete and amply sufficient to enable the surveyor to locate the route. Yankton County v. Klemisch (S. D.) 76 N. W. 312; Miller v. Porter, 75 Ind. 521; 37 Cyc. 128 and cases cited.

The plaintiff's grantor was estopped to question the legality of the highway for he took title to the land after the highway was estab-

lished by the grant and its acceptance, and the grantee of one who is estopped is also estopped. Wells v. Pennington County, 48 N. W. 305; Koloen v. Pilot Mound Twp. 33 N. D. 529; Miller v. Shink, 78 Iowa, 372, 43 N. W. 225; 37 Cyc. 130 and cases cited.

BRUCE, Ch. J. (after stating the facts as above). We are satisfied that in this case there is no ground for the interposition of a court of equity and that the learned trial judge properly denied the injunction which was prayed for. The facts in this case are in many respects similar to those under consideration in the case of Rothecker v. Wolhowe, 39 N. D. 96, 166 N. W. 515 and Semerad v. Dunn County, 35 N. D. 437, 160 N. W. 855, and the same statutes are involved. Although the petition for the highway might have been more specific, we think that under the evidence the description "backbone or ridge" is sufficiently definite, followed as it was by a survey which was properly made and filed. All that the law requires is that the description shall be sufficiently definite to enable a surveyor to locate the highway and be intelligible to a reasonably intelligent man. Semerad v. Dunn County, supra; Yankton County v. Klemisch, 11 S. D. 170, 76 N. W. 314.

The evidence shows conclusively that the backbone or ridge referred to was otherwise known as the Hogback road, and was a natural backbone or ridge or hogback, which at an early period was evidently the dividing line between two lakes, or, at any rate, the shore of a lake, was well gravelled and graded by nature, of an average height of 110 feet and an average breadth of from 20 to 50 feet and extended for a length of about 5 miles, was in every way a natural highway, which was well defined and apparent to all, had been used for such for many years and for 16 years since the filing of the petition for the road, and had been driven on in the early '60's, in 1881, and continuously thereafter until the time of the trial. There is also evidence that in 1882 the buffalo hunters claimed that it had been used as a cart trail as long as they could remember. The evidence also shows that the petitioner himself had used the highway for many years; that during these years some four or five hundred dollars was expended thereon and road taxes were worked thereon; that at no time until the beginning of the present action did he object to the same or claim that it was not a highway; that, on the contrary, he on

two occasions filed petitions for its discontinuance, one with the board of county commissioners, and one with the board of township supervisors, and by this very fact tacitly admitted the existence of the road.

The case can be distinguished from that of Rothecker v. Wolhowe, by the fact that in that case there was not only no proof of an order for the highway being made, but there was testimony to the effect that it was "the custom of the board to quit when they got that far;" that is, when the petition was filed and acted upon. Here there is proof in the record that an order was actually made, and a survey made in accordance therewith, and properly filed and recorded, and, though there is no proof of the filing of the order with the county auditor, we do not believe that the petitioner can at this late date take advantage of the fact. We do not, indeed, construe the word "deemed" which occurs in § 1927 of the Compiled Laws of 1913 and in the phrase "and in case the board having jurisdiction shall fail to file such order within twenty days they shall be deemed to have decided against such application," to refer to an indisputable presumption, but to a disputable one, and to have been enacted largely for the purpose of fixing the time in which either party might appeal from the decision of the board under the provisions of § 1935 of the Compiled Laws of 1913. There is authority, indeed, for the proposition that at this late date the plaintiff cannot question the fact of the filing, but it will be presumed, though we do not pass upon this point. Crimson v. Deck, 84 Iowa, 344, 51 N. W. 55; Gibbs v. Larrabee, 37 Me. 506; State v. Alstead, 18 N. H. 59; Clarke v. Mayo, 4 Call (Va.) 374; Com. v. Logan, 5 Litt. (Ky.) 286.

Mindful, indeed, as we are of our decisions in the cases of Rothecker v. Wolhowe and Semerad v. Dunn County, supra, we are satisfied that under the particular facts of this case the petition has no standing in a court of equity. Ekwortzell v. Blue Grass Twp. 28 N. D. 20, 147 N. W. 726.

The judgment of the District Court is therefore affirmed.

GRACE, J. I concur in the result.

CHRISTIANSON, J., being disqualified, did not participate, F. E. FISK, District Judge, sitting in his stead.

FISK, District Judge. I fully concur in the foregoing opinion, prepared by Mr. Chief Justice BRUCE.