CYRUS CRISMON, Appellee, v. M. T. DECK *et al.*,
Appellants.

1. **Pleading:** AMENDMENTS: TIME FOR FILING. The filing of an
amendment to the plaintiff's petition, and a reply, may be allowed
after the conclusion of a trial before a referee, but before his report
has been filed for the purpose of making the pleadings conform to the
proof, when no prejudice will result to the opposite party.

2. **Highways:** ADVERSE POSSESSION: INJUNCTION. Where an owner of land adjoining a highway, relying upon a survey duly made, built a house and barn, and set out a hedge and shade trees, with respect to the line of his land upon the road thus established, and remained in open and undisputed possession of the land to such line for more than ten years, and said line was during all of that time recognized by the public as the true line of the road, *held*, that, although by a subsequent survey the line of said land was made to extend five feet into the highway, the owner thereof was entitled to an injunction to restrain the road supervisor from removing such of his improvements as were found to be in the highway by the survey last made, so long as they did not obstruct the highway, nor prevent its necessary improvement.

*Appeal from Mahaska District Court.*—HON. D. RYAN Judge.

WEDNESDAY, JANUARY 27, 1892.

ACTION in equity to restrain the defendants from interfering with a certain hedge and certain trees and from cutting a ditch in front of the premises of the plaintiff, and for general equitable relief. From a decree in favor of the plaintiff, the defendants appeal. *Affirmed.*

*Haskell & Greer*, for appellants.

*Bolton & McCoy*, for appellee.

ROBINSON, C. J.—The plaintiff is now, and has been since about the year 1869, the owner of the southwest quarter, of the southeast quarter, and the southeast quarter, of the southwest quarter, of section 19, in township 76 north, of range 16 west, of the fifth principal meridian. The defendant Edwards is the owner of the northwest quarter, of the southeast quarter of the same section. Between the tract of the plaintiff first described and that of Edwards there is a traveled road, which is claimed to be a duly established highway, thirty-three feet in width. The defendant Deck is supervisor of the road-

district in which the alleged highway is situated. Steps
to establish the highway were taken in the year 1869,
and in December of that year the auditor of Mahaska
county ordered that it be established, on condition that
the petitioner pay the costs within ninety days. In the
month of January next following the action of the
auditor was approved by the board of supervisors and
the road ordered established in conformity with his
action. About that time, the plaintiff built a house
upon the tract of land first described, and subsequently
made other improvements,—planted an orchard, set
out an Osage-orange hedge, built fences, and dug a
well. He has a stable or barn near his house, and has
occupied the place as a home for many years. His
house and other improvements are near the road
described, and are on a ridge which includes the
highest ground on the north line of the tract upon
which they are made, and in the road in front of it.
At that place in the road are several shade trees. The
defendants contend that the portion of the road which
includes the trees, and which is bordered by the hedge,
requires grading; that a shallow ditch should be made
on the side next to the plaintiff's land, and that the
trees and hedge are obstructions to the proper working
and use of the road, which should be removed. At the
instance of Edwards, Deck served on the plaintiff a
notice to remove all obstructions in the road, and
proposed to carry into effect the plan of work suggested.
To restrain interference with the hedge and trees, and
the digging of the ditch, this action was brought.
General equitable relief was also demanded. A tem-
porary injunction was granted, as prayed. The decree
rendered on final hearing made the temporary injunc-
tion perpetual, and enjoined the defendants, their
successors, grantees and assigns, from interfering with
the hedge, fences and shade trees.

I. In May, 1888, the court appointed a referee to
try the cause. On the twenty-seventh day of Septem-

ber, 1888, the referee filed a report, which contained his findings of fact and conclusions of law, and a recommendation, in effect, that the plaintiff be granted the relief demanded.

1. PLEADING:
amendments:
time for filing.

The record shows that on the twenty-eighth day of July, 1888, the plaintiff filed in the office of the clerk of the district court a motion for leave to amend his petition and to file a reply, and on the same day an amendment to the petition and a reply were filed. On the tenth day of August, 1888, the defendants filed in the clerk's office a motion to strike from the files the amendment and reply. The motion was supported by affidavits made by the attorney who had managed the case for the defendant, and was resisted by a counter-affidavit made by an attorney for the plaintiff. It is, admitted that the amendment and reply were filed after the trial before the referee had been concluded, and before he made his report. It was contended on the part of the plaintiff that the papers named were filed, on leave granted by the referee, during the argument of the case to him, and that when the papers were presented to him he directed that they be filed with the clerk. A statement, signed by the referee as an amendment to his report, and filed on the fourteenth day of July, 1889, supports the claims of the plaintiff. These claims were denied in the affidavits made by the attorney for the defendants. The motion to strike was overruled by the court. The amendment and reply. were designed to conform the pleadings to the proof. The defendant knew that they were on file more than six weeks before the referee filed his report, and in ample time to have applied for a further hearing as to the issue tendered by the pleadings, had he desired to do so. It may be conceded that the filing was irregular, and that it would have been better practice had the papers been filed before the close of the trial by the referee; but it does not appear that defendants could have suffered prejudice by the delay. Amendments to

pleadings are frequently allowed after the evidence has been fully submitted, in the furtherance of justice. *Blandon v. Glover*, 67 Iowa, 615; '*Thomas v. Town of Brooklyn*, 58 Iowa, 438; *Ellis v. Lindley*, 37 Iowa, 338.

It is claimed that the reply was wholly unnecessary, and we are inclined to think that is true; but it was not of a nature to prejudice the defendants, and may be disregarded. We discover no abuse of the discretion lodged in the district court in regard to allowing amendments. If it be conceded that the amendment to the report of the referee was filed too late to be considered, we should not be disposed to disturb the ruling of the court in overruling the motion to strike. The affidavit filed in resistance contained a showing of merit, denied, it is true, by the counter-affidavits, but, when taken in connection with the condition of the case before the referee when the amendment was filed, sufficient to sustain the ruling in question.

II. The report of the referee is vigorously assailed as lacking support in the evidence disclosed by the record. While there is much conflict in the evidence, we think it fairly shows the following facts: The road in question was established chiefly through the efforts of the plaintiff in the year 1870. It was designed to be thirty-three feet in width, of which one half of that part in question was to be given by the plaintiff, and one half by the owner of the land adjoining on the north. Twelve or more years before the commencement of this action, the northeast corner of the land of the plaintiff was located by a surveyor named Thompson. Accepting that location as correct, the plaintiff attempted to establish a line sixteen and one half feet south of, and parallel to, the north boundary line of his land; but, in consequence of not being able to see from the northeast to the northwest corner of his land, he curved the line on the ridge a few feet northward. He planted

2. HIGHWAYS: adverse possession: injunction.

his hedge, set out fruit trees, dug a well, and made other improvements with reference to the line he had established. In May, 1887, a surveyor named Tracy located the boundary line between the lands of the plaintiff and Edwards, and established the northeast corner of the land of the plaintiff about five feet south of the place where it was fixed by Thompson. It is made to appear that if the Tracy survey is correct the hedge of the plaintiff is about five feet north of the south boundary line of the road; but, if the Thompson survey is correct, then the hedge is not in the road. There had been a fence on the south side of Edwards' land about thirty-three feet north of the hedge, but after the Tracy survey was made, Edwards began to set posts for a fence six or seven feet south of the old one, on the south boundary of his land as indicated by the last survey. If that is established as the true north line of the road, and plaintiff is compelled to accept as his north boundary a line thirty-three feet south of it, the hedge and trees will prove to be serious obstructions, and his dwelling house, orchard and well will be somewhat too near the road. Some question is made as to whether the highway was ever established, as it appears that costs to the amount of four dollars were taxed as commissioner's fees for his services in connection with the road, and there is no record to show that they have been paid. It appears, however, that the road has been used and treated as a highway continuously since the year 1870, and it must be presumed that the costs have been satisfied, and that the road is duly established. Whether the last survey was more nearly correct than the one made by Thompson is not clearly shown by the evidence, but there is no doubt that the latter was accepted as correct by the public and by adjacent land owners for more than ten years before the commencement of this suit, and that during all of that time the plaintiff held the land south of the line he had established adversely under a claim of absolute

ownership. Relying upon that line as correct, he has made valuable improvements, so located with respect to it that if it be moved five or more feet south at the point in question the value of his improvements would be seriously impaired.

In view of all the facts in the case, we reach the conclusion that the lines of the highway as originally established, and as thereafter adopted or acquiesced in by the public, including the people most directly interested, should not be disturbed. *Smith v. Gorrell,* 81 Iowa, 218; *Orr v. O'Brien,* 77 Iowa 254; *Davis v. Curtis,* 68 Iowa, 68; *Davies v. Huebner,* 45 Iowa, 577.

III. The shade trees in question are in the highway, but it is shown that if the line fixed by the plaintiff is retained there will be no occasion to disturb them. So long as they do not obstruct the road, nor prevent its necessary improvement, they should not be removed against the wish of the plaintiff. Code, sec. 989; *Bills v. Belknap,* 36 Iowa, 584. It is also shown that no ditch is now required in front of the premises of the plaintiff.

The report of the referee was in all material respects in harmony with the conclusion we have announced, and the exceptions thereto and the motion to set it aside were properly overruled. What we have said disposes of the controlling questions in the case. The judgment of the district court is AFFIRMED.