## WESTERN UNION TELEGRAPH COMPANY v. KRUEGER.

[No. 3,898.    Filed June 24, 1902.    Rehearing denied October 17, 1902.    Transfer denied November 18, 1902.]

HIGHWAYS.—*Action Against Telegraph Company for Cutting Trees.—Pleading.*—The right of a telegraph company to remove trees along a highway in the operation of its line is not raised by a demurrer to a complaint for damages by an adjoining landowner for the destruction of trees, where it was not shown in the complaint what business defendant was engaged in when it cut the trees. *pp. 28-30.*

SAME.—*Abutting Proprietor.—Ownership of Trees.*—An abutting proprietor who owns the fee in the land upon which a highway is located is the owner of the soil and of trees growing thereon, so far as the ownership is not inconsistent with the public use, the municipality alone having the right thereto when necessary in the construction and maintenance of the way for the public use. *p. 30.*

SAME.—*Damages for Removing Trees.*—A complaint by an adjoining landowner against a telegraph company for damages for cutting trees in the highway is bad, where the complaint fails to allege that plaintiff is the owner of the land in fee simple to the center of the highway and that the trees were on the part of the highway owned by plaintiff. *p. 31.*

From Laporte Superior Court; *H. B. Tuthill,* Judge.

Action by Martin T. Krueger against the Western Union Telegraph Company for damages for cutting trees on the highway abutting plaintiff's real estate. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. O. Lowden, H. D. Estabrook* and *H. J. Davis,* for appellant.

*C. R. Collins* and *J. B. Collins,* for appellee.

ROBINSON, J.—Appellee avers in his complaint that he is the owner and in the lawful possession of "lot number eleven in Cheney's subdivision of parts of sections twenty-eight and thirty-three, in township number thirty-eight, range four west, containing eleven and thirty-seven hun-

dredths acres;· also a strip of land 173 feet wide off of the east end of lot ten in Cheney's subdivision of parts of said sections twenty-eight and thirty-three, township thirty-eight, range four west, containing four and four hundredths acres, all situate in the said county and State, and by reason thereof, during all the time aforesaid, was and still is lawfully entitled to the use and enjoyment of the public highway adjoining and adjacent to the said above described real estate, and to the shade, shelter, protection, and ornament and use and benfit of certain trees, to wit, twelve trees growing in and upon the said highway; that the defendant, through its agents, servants, and employes, on the day above stated, and on divers other days and times between that day and the commencement of this action, wrongfully and unlawfully cut and destroyed said trees, by means whereof the plaintiff has been deprived of the shade, shelter, protection, ornamentation, use, and benefit of the said trees so cut, to his damage in the sum of $500." A demurrer for want of sufficient facts was overruled, and issue was formed upon the general denial. Trial by jury, verdict and judgment for appellee for $200.

The complaint does not show that the trees were cut by appellant in the construction of its telegraph line, or that the cutting of the trees had any connection with the maintenance or operation of any telegraph line. The averment is that they were wrongfully cut by appellant's servants, to appellee's damage. Appellant is sued as a corporation, but it is not averred what business, if any, it was engaged in when it did the act complained of. Appellee's rights, so far as disclosed by the pleading, are not different from what they would be had a private person wrongfully and unlawfully cut and destroyed the trees. If the trees were cut by appellant under a claim of a right to do so in order properly to construct or maintain and operate a telegraph line, that would be matter of defense. So that whether appellant would have a right to cut trees which it claimed inter-

fered with the operation of its line constructed upon plans of its own adoption, or whether it might be required to construct and maintain its line, if practicable so to do, so as not to interfere with trees belonging to the abutting owner and growing upon the highway, are questions not presented by the demurrer, and upon these we decide nothing. If the trees were the property of appellee, or if they were property to which he was entitled to the possession, a right of action accrued to him, under the averments of the complaint, for their wrongful destruction.

An abutting proprietor, who owns the fee in land upon which a highway is located, is the owner of the soil, and of trees growing thereon, and of mines and quarries thereunder, so far as such ownership is not inconsistent with the public use. The municipality alone has a right to these, only in so far as they are necessary in the construction and maintenance of the way for the public use. Such an abutting proprietor, as to shade trees growing in front of his property and upon land the fee of which he owns, has the rights and remedies of the owner of a freehold, subject only to the public easement. See *Clark* v. *Dasso*, 34 Mich. 86; *O'Connor* v. *Nova Scotia Tel. Co.*, 22 Can. Sup. Ct. 276; *Daily* v. *State*, 51 Ohio 348, 24 L. R. A. 724, 46 Am. St. 578; *Lyon* v. *Gormley*, 53 Pa. St. 261; *Weller* v. *McCormick*, 52 N. J. L. 470, 19 Atl. 1101, 8 L. R. A. 798; *Baker* v. *Shepard*, 4 Foster (N. H.) 208; *Bliss* v. *Ball*, 99 Mass. 597; *Board, etc.*, v. *Beckwith*, 10 Kan. 603; *Overman* v. *May*, 35 Iowa 89; *Crismon* v. *Deck*, 84 Iowa 344, 51 N. W. 55; *Haas* v. *City of Evansville*, 20 Ind. App. 482; *Coburn* v. *New Telephone Co.*, 156 Ind. 90; *Magee* v. *Overshiner*, 150 Ind. 127, 40 L. R. A. 370, 65 Am. St. 358; *Board, etc., v. Indianapolis, etc., Gas Co.*, 134 Ind. 209; *Julien* v. *Woodsmall*, 82 Ind. 568; *Brookville, etc., Hydraulic Co.* v. *Butler*, 91 Ind. 134, 46 Am. Rep. 580; Elliott, Roads & Sts. (2d ed.), §690; *Jackson* v. *Hathaway*, 15 Johns. 447, 8 Am. Dec. 263; *Phifer*

v. *Cox,* 21 Ohio St. 248, 8 Am. Rep. 58; *Bolling* v. *City of Petersburg,* 3 Rand. 563; *West Covington* v. *Freking,* 71 Ky. 121; *Barclay* v. *Howell,* 31 U. S. (6 Pet.) 498, 8 L. Ed. 477.

But the complaint fails to show that appellee had any rights in the land upon which the highway is located other than those belonging to the general public, and a right of ingress and egress. He would be entitled to the use and enjoyment of a highway adjoining and adjacent to his land whether the opposite abutting proprietor owned the servient estate, or he owned it himself, or if the municipality held the fee in trust for public uses. The effect of the averment is that appellee is entitled to the use and benefit of the trees growing upon the highway because he is an abutting proprietor. Were we permitted, even in aid of the pleading, to indulge the presumption that an abutting proprietor owns to the center of the highway, the complaint would still fail to show that the trees were located upon the part owned by appellee.

Judgment reversed, with instructions to sustain the demurrer to the complaint.