HOWE, APPELLEE, *v.* STRUBLE ET AL., APPELLANTS. (Two cases.)

(Nos. 4525 and 4526—Decided March 5, 1951.)

*Messrs. Zachman, Boxell, Bebout & Torbet,* for appellees.

*Messrs. Cobourn, Notnagel, Smith & Moran,* for appellants.

CARPENTER, J. Henry Curtis Howe and his wife, Alice Howe, were next door neighbors to Henry Hobart Struble and his wife, Esther Struble, but they were not neighborly, and "thereby hangs a tale."

The Howes, by separate petitions, alleged that on June 8, 1948, the Strubles, "acting in concert," assaulted and beat them up, and for his damages Henry Curtis Howe prayed for judgment for $5,080 against the Strubles, and Alice Howe sought damages in the sum of $5,015.

To each of the Howe's petitions the Strubles filed separate answers and cross-petitions.

By special appearance, the Howes moved the court to dismiss the defendants' cross-petitions "for the reason that said cross-petitions set up new matter seeking affirmative relief on issues having no connection with the cause of action set forth in plaintiffs' petitions and for the further reason that no summonses were issued or served upon plaintiffs as to such cross-petitions containing new matter." The trial court granted these motions without stating the ground or its reasons for doing so, and the cross-petitions were dismissed.

From those orders both defendants appealed to this court on questions of law, the errors assigned being the granting of the motions and the dismissal of the cross-petitions.

Each answer denied all the allegations of the petition and by way of defense alleged that the Howes attacked, assaulted and beat Henry Hobart Struble, who, acting in self-defense, "unsuccessfully attempted to defend himself against such attacks, assaults and beatings, and struck back at Henry Howe and attempted to avoid and evade the continuing attacks of Henry Howe and Alice Howe; and that in attempting such self-defense said Henry Hobart Struble retreated ap-

proximately 100 feet until he was tripped and pounced upon'' by plaintiffs, who continued to assault and beat him, gouging his eyes and ears until bystanders intervened.

Each of the Strubles, in separate cross-petitions, incorporated all the allegations of his or her answers ''as if fully rewritten herein and further alleges that the attack and assault by Henry Howe and Alice Howe on this defendant (Henry Hobart Struble) was but one of a continuing series of incidents, that said Alice Howe and Henry Howe have maliciously conceived and carried out since June of 1946 to the present time (October 26, 1948) to assault, intimidate, threaten, harass, embarrass and inconvenience defendant and defendant's family for the express purpose of forcing defendant's family to sell their home and move elsewhere. With such malicious design plaintiff and plaintiff's husband (wife) since June of 1946 have * * *.'' Then follow, in separately lettered paragraphs, allegations of 11 different and specific tort charges which include several separate slanders, threats of violence, trespass on property, two incidents of placing posts in an alley to interfere with the Strubles in the use of their automobile, malicious prosecution of Esther Struble for theft of a five-cent newspaper, complaints to the police department of the Strubles' conduct, complaints to the welfare department of the care of their child, and complaints to Toledo Edison, employer of Henry Hobart Struble, and to the employer of Esther Struble.

In 1947, the provisions of the Civil Code, dealing with answers and cross-demands were changed. The provisions material here are now as follows:

Section 11314, General Code. ''The answer shall contain:

''1. A general or specific denial * * *;

"2. A statement in ordinary and concise language of new matter constituting a defense or counterclaim;

"3. When a defendant seeks affirmative relief therein, a demand for such relief."

Section 11315, General Code. "The defendant may set forth in his answer as many grounds of defense, counterclaim as he may have, whether such as heretofore have been denominated legal or equitable, or both. But the several defenses must be consistent with each other, and each must refer in an intelligible manner to the cause of action which it is intended to answer."

Section 11317, General Code. "A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action or arising out of contract or ascertained by the decision of a court.

"Such counterclaim shall not be limited to the amount claimed by the plaintiff or defendant against whom such counterclaim is asserted."

The substance of these provisions was enacted in 1851 as a part of the Civil Code, and, except for the amendments of 1947 omitting setoffs, there has been little change.

At common law there were few cross-demands that could be pleaded as such. Apparently the Code sought to liberalize this procedure and by so doing to avoid a multiplicity of actions. Some of the earlier decisions tended to follow the common-law form. This was illustrated in *Miller* v. *Nicholas,* Dayton, 259, cited and relied upon by the plaintiffs. That was the word of Judge Haynes. The report of the decision in that case does not show its date, all decisions in the Dayton

Report ending in 1873. It is interesting to note from an examination of Shepard's Citations that *Miller* v. *Nicholas* has never been cited in any reported decision.

The cross-petitions of the Strubles by reference included their previously stated defense allegations that the Howes attacked and injured Henry Hobart Struble. Regardless of the other allegations of their cross-petitions, one stated a good counterclaim. It certainly arose out of the same transaction alleged in the petitions, and the court erred in the dismissal.

Exactly in point on this proposition is *Mogle* v. *Black,* 3 C. D., 27, 5 C. C., 51, which was an action to recover damages for an assault and battery. There was a counterclaim in which it was averred that immediately prior to the assault the plaintiff slandered the defendant. The trial court sustained a demurrer to the counterclaim. The Circuit Court reversed, and the Supreme Court affirmed the reversal without opinion (51 Ohio St., 582), except to say "on authority of *Mogle* v. *Black,* 5 O. C. C. Rep., 51."

The Circuit Court discussed the counterclaim procedure of Ohio at length, and gave it a very liberal application.

Speaking of the term, "transaction," as used in the statute, it said:

"A 'transaction' is defined by Webster, 'that which is done'; 'an affair.' Thus any primary right of the defendant which is violated in 'that which is done,' or 'the affair' set forth in the plaintiff's petition *or connected with it,* is if we give the ordinary meaning to the words of the statute a proper matter of counterclaim." (Emphasis added.)

The case of *Cincinnati Daily Tribune Co.* v. *Bruck* (1900), 61 Ohio St., 489, 56 N. E., 198, started as an action for libel. The defendant counterclaimed for damages for malicious prosecution claimed to have

occurred prior to the alleged libel, by reason of a malicious suit by plaintiff, a shareholder, for dissolution of a corporation and appointment of a receiver.

The court found that the civil suit did not constitute actionable malicious prosecution and, in its *per curiam* opinion, stated:

"If, however, the facts stated constitute a cause of action in favor of the defendant for the recovery of damages * * * it is very clear that they would constitute a counterclaim in this action. They are connected with the subject of the action; and this is sufficient to warrant their being pleaded as a counterclaim."

Under the circumstances, that statement was obiter, but it was the thought of the court.

*McCaskey Register Co.* v. *American Case & Register Co.,* 19 O. D., 562, 8 N. P. (N. S.), 415, is a trial court decision with which a present member of the Supreme Court of Ohio is familiar. Like this case, that case involved a war, not a single battle. It was commercial, this was physical and mental. The *McCaskey case* involved a continuing course of conduct by the defendant which, as unfair competition, allegedly damaged the plaintiff. In answer, the defendant denied the allegations of the petition and, by cross-petition, alleged a train of specific acts and conduct as unfair competition by the plaintiff to defendant's damage. Later defendant filed a supplemental cross-petition alleging similar acts of plaintiff subsequent to the filing of the cross-petition. Demurrers to the cross-petition and its supplement were overruled, and in so doing the court reviewed the Ohio decisions on counterclaim, and commented on the liberal use made of that procedure as contrasted with the practice in New York.

In the instant case, from the allegations of all the cross-petitions, it appears that the assaults, including

the one alleged in the petitions and other torts of the plaintiffs, formed a part of a continuing combative course of conduct which existed between these neighbors over a period of two years.

Having regard for the liberal interpretation the courts have given the counterclaim statutes, and in the interest of justice and the avoidance of a multiplicity of actions, the cross-petitions should stand. It may be that some of the torts charged to the plaintiffs may not entitle both or either of the defendants to damages, such as the inclusion by reference by Esther Struble of the injuries to her husband in the assault she alleged the plaintiff made upon him. Such matters can be corrected in the trial court.

*Brown* v. *Kuhn,* 40 Ohio St., 468, and *Southward* v. *Jamison,* 66 Ohio St., 290, 64 N. E., 635, answer the contention that summonses were necessary on the cross-petitions.

The court erred in dismissing the cross-petitions and its orders so doing are reversed and the causes remanded for further proceedings.

*Judgments reversed.*

Fess and Conn, JJ., concur.