INDIANA & MICHIGAN ELECTRIC COMPANY *v.* LOUCK ET AL.

[No. 30,200. Filed May 10, 1965. Rehearing denied October 25, 1965.]

*George W. Pierce, Charles V. Retherford, Jr.,* and *White, Haymond, Pierce & Beasley,* of Muncie, and *Robert L. Smith* and *Smith & Fraser,* of Portland, for appellants.

*Jacob N. Lennington,* of Muncie, and *Frank E. Spencer,* of Indianapolis, for appellees.

JACKSON, J.—This is an action brought by the appellant in the Delaware Circuit Court to appropriate the land owned by the appellee, Etta Pearl Louck for an electric transmission line easement across land located in Delaware County. Thereafter, the Delaware Circuit Court, being satisfied as to appellant's right to appropriate the easement described in its complaint, duly appointed three appraisers to assess the damages which the appellees (owners) would sustain by reason of such appropriation. These appraisers subsequently duly filed their award. Both appellant and appellees duly filed their exceptions to the award, and after the venue of the action was changed to Jay County, the cause proceeded to trial before the judge of the Jay Circuit Court without a jury.

The sole issue presented to the lower court was the determination de novo of the damages which the appellees (owners') would sustain by reason of the appropriation.

Appellant filed its complaint in eight rhetorical paragraphs. To this complaint the appellees filed answer admitting the

allegations contained in paragraphs one to seven inclusive of said complaint, and denying rhetorical paragraph eight thereof which alleged: "EIGHTH: That plaintiff has made a bona fide effort to purchase the rights, right of way and easement herein described from the said defendants, but has been unable to agree with said defendants for the purchase of the same."

Both the appellant and the appellees filed exceptions to the award of the appraisers in the sum of $7,500.00, the one alleging the damages assessed and the value fixed were too high, and the other alleging the damages assessed and the value fixed were too low. Thereafter, the cause was submitted to the court for trial, finding and decree without the intervention of a jury.

On June 3, 1960, the court rendered its finding and judgment to the effect that plaintiff, Indiana & Michigan Electric Company, was entitled to condemn the property sought to be acquired, and after having heard the evidence and the argument of counsel, overruled the exceptions of both plaintiff and defendants to the award of the appraisers, and held that the title to the easement and right-of-way, described in the complaint for appropriation and order appointing appraisers, should be vested forever in the plaintiff.

The court further found the defendants would be damaged by the appropriation of said easement and right-of-way for the purposes named in the said complaint and fixed their damages at the sum of $6,912.50.

The easement appropriated is taken out of real estate located in Liberty Township, Delaware County, Indiana, and is fully and adequately described in the complaint.

The right-of-way and easement acquired by the condemnor is described as being an easement 125 feet in width across the property, being 62.5 feet on each side of a center line across condemnee-appellees' property.

Thereafter on November 2, 1961, the court on its own motion modified and corrected its judgment of June 3, 1960, by

changing the total amount of damages including interest to be in the sum of $6,865.00.

Appellant seeks reversal in this appeal on only two grounds, as follows:

1. That the lower court erred in including in both its findings and judgments an element of interest from September 10, 1953, in the approximate amount of $2,170.55 in addition to the sum of $4,695.00 which it determined to be the amount appellees would be damaged by the appropriation of the easement; and,

2. That the lower court erred in providing for interest on the judgment for damages to be tolled from June 3, 1960, the date of the original decree, and for the total amount to be paid out of the $7,500.00 tendered to defendants and deposited with the Clerk of the Delaware Circuit Court on September 10, 1953.

The question of interest in the case at bar seems to turn upon the interpretation of *Schnull* v. *Indianapolis, etc. R. Co.* (1921), 190 Ind. 572, 131 N. E. 51. From the record in the case at bar it is clearly apparent that the appellant (condemnor) first filed his objections to the award. This was done on September 10, 1953. Thereafter, appellees filed their objections on September 15, 1953. Actually there was no necessity for the filing of objections by appellees in view of the fact that by reason of the filing of exceptions by the appellant a trial de novo was required. The appellant cites the case of *Schnull* v. *Indianapolis, etc. R. Co.*, *supra*, in support of its proposition that the land owner is only entitled to interest if the appeal from the award is successful, and states that the cited case and the one at bar are similar. Appellant apparently failed to notice that in the *Schnull* case, *supra*, it was the property owner only who filed exceptions and took the appeal, while in the case at bar it was the condemnor who first filed exceptions and prosecuted the appeal.

This court held in the *Schnull* case, *supra,* at page 581,

". . . or in case the condemnor appeals and thereby prevents such owner from using the money thus tendered or paid into court, he would be entitled to interest upon the full amount of the award as determined on appeal from the time the condemnor took possession of the property."

Since appellant at page 48 of the transcript attributed to the trial court the assessment of damages in the sum of $4,695.00, interest should be based on such damages from the time of taking (September 10, 1953) to the time of the judgment. Interest at the rate of six percent computed on the amount of the damages from the time of taking amounted to the sum of $2,170.55. This figure is not challenged by the appellant nor does the appellant contend that there was error in the determination thereof. In the case at bar it appears that the appellee was deprived both of the use of his land and the money tendered, and that therefore appellant should suffer the burden of interest.

Since the 1961 amendment [§ 3-1707, Burns' 1964 Cum. Supp.] providing that the condemnee may draw down the amount of the award without prejudicing his right of appeal, the harshness of the preceding rule is ameliorated.

The judgment is affirmed.

Myers, and Achor, JJ., concur. Arterburn, C. J. and Landis, J., concur in result.

NOTE.—Reported in 206 N. E. 2d 871.