STATE OF INDIANA v. JORDAN WOODS, INC., ET AL.

[No. 30,565. Filed April 27, 1967.]

*John J. Dillon,* Attorney General, and *John L. Rybolt,* Deputy Attorney General, for appellant.

*Willis K. Kunz, William A. Waddick,* and *Kunz and Kunz,* of Indianapolis, for appellee, Jordan Woods, Inc.

JACKSON, J.—On the first day of August 1961, the appellant, State of Indiana, filed its complaint for the appropriation of real estate in the Hamilton Circuit Court. The complaint alleged that the State of Indiana was engaged in the improvement of a public highway in Hamilton County, Indiana, known as State Road 431, project U.S. 165 (13), and that the defendants-appellees, were owners of certain real estate in Hamilton County, a portion of which was sought for highway right-of-way. The appellees appeared and filed objections to the complaint. The court ordered and directed the plaintiff be granted leave to file an amended complaint, which was afterwards filed on the 22nd day of September, 1961.

We deem it unnecessary to set out the allegations of the complaint and the description of the real estate therein contained, but will set out the prayer thereof which reads as follows:

"WHEREFORE, the plaintiff prays that three disinterested freeholders of said county be appointed to appraise the value of the real estate sought to be condemned, and to fix the amount of damages, if any; and that such appraisers be ordered to report their appraisement, as by law provided, and that all other steps be taken and all proceedings had necessary for the Indiana State Highway Commission to acquire, by the right of eminent domain, the real estate so sought to be condemned for the purpose aforesaid."

The court entered an order of appropriation and appointed appraisers who returned their report wherein they appraised the total value of the damages to appellees caused by the appropriation to be the sum of $40,335.50. Appellees filed exceptions to said appraisers report. Upon application of the appellees, the cause was venued to Madison Circuit Court. Thereafter, on the 25th day of July, 1962, appellees were permitted to draw out of the funds previously deposited by the appellant, said sum of $40,335.50.

On February 5, 1963, the jury was selected and conducted to view the premises, and on February 6, 1963, preliminary instructions were given to the jury.

In order to clarify the issues to be decided by the jury we deem it proper, at this point, to set out in full certain of the preliminary instructions given herein, the first being preliminary instruction No. 1 reading as follows:

"This is a civil action brought by the State of Indiana against Jordan Woods, Inc., Myla H. Jordan (Mortgagee), who are called the defendants, upon a complaint for the appropriation of certain real estate, the substance of the complaint being as follows:

"That the State of Indiana, acting through its legally organized and constituted department, same being known

as the State Highway Commission, is engaged in the improvement of the certain public highway in Hamilton County; that the defendants Jordan Woods, Inc., Myla H. Jordan, (Mortgagee), are the owners of certain real estate, particularly described in the complaint, in which is included the right-of-way sought to be appropriated and condemned; that for the purpose of improving said highway, it is necessary and proper that the State of Indiana, under authority of law, appropriate the defendants' described land, the same being specifically described in the complaint; that prior to bringing suit, the State of Indiana made an effort to purchase the described right-of-way and interest in the land from the defendants, but that the State of Indiana and the defendants, Jordan Woods, Ind., (sic) Myla H. Jordan (Mortgagee), have been unable to agree as to the purchase price and the amount of damages, if any, sustained by the defendants by reason of the appropriation of the land.

"That subsequent to the filing of the complaint, the Court found, according to law, that the State of Indiana was entitled to condemn and appropriate the defendants' land described in the complaint, and gave judgment for condemnation. The State of Indiana and the defendants ask that the question of damages be tried by this Court and jury."

Preliminary instruction No. 2 reads as follows:

"I instruct you that under the issues thus formed the sole question to be determined by you is the amount of damages that should be allowed defendants for the appropriation of their land by the State of Indiana.

"I further instruct you that the burden of proof is upon the defendants to establish, to your satisfaction and by a fair preponderance of the evidence, the amount of the damages that should be awarded the defendants."

Preliminary instruction No. 5 reads as follows:

"The statutes of Indiana provide four elements of damage in condemnation proceedings and they are defined as follows:

"1.   Fair market value of each parcel of property sought to be appropriated and the value of each separate estate or interest therein.

"2. The fair market value of all improvements pertaining to the realty, if any, on the portion of the real estate to be condemned.

"3. The damages, if any, to the residue of the land of such owner or owners to be caused by taking out the part sought to be appropriated.

"4. Such other damages, if any, as will result to such owner or owners from the construction of the improvements in the manner proposed by the plaintiff.

"5. Any benefits resulting from the taking may be deducted from the third and fourth elements of damages as stated above.

On the 15th day of February, 1963, the jury rendered its verdict in this case. Said verdict reads as follows:

"We, the jury, find for the defendants, Jordan Woods, Inc. and award their damages in the sum of $65,000.00 (Sixty Five Thousand Dollars.)"

On said date the court rendered its judgment in the said cause as follows:

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECEEED BY THE COURT that the defendants recover of and from the plaintiff $65,000.00 dollars, and that the plaintiff is to pay the costs of this action herein laid out and expended, taxed at $————.

"ALL OF WHICH IS FULLY AND FINALLY ADJUDGED AND DECREED BY THE COURT.

Thereafter, on the 30th day of March, 1963, the appellee-defendant, Jordan Woods, Inc., made a motion to amend the judgment, which motion was in the following words:

"The Defendant, Jordan Woods, Inc., by its attorneys, respectfully moves the Court to amend, modify and complete its judgment heretofore rendered in this cause on the 15th day of February, 1963, by adding to the principal amount of damages, as found by the jury, interest calculated according to law."

Thereafter proper briefs in support of and against the proposed modification were filed by the proper parties, and on January 2, 1964, the parties, by counsel, submitted for

hearing to the court the motion of appellee-defendant to amend, modify and complete the judgment previously en-, tered. On the same date, the court sustained and granted the appellee-defendant's motion. The order modifying the judgment reads as follows:

"Comes now the parties by counsel, and the motion of defendant Jordan Woods, Inc., heretofore filed herein to amend, modify and complete the judgment heretofore entered herein on February 15, 1963, is now submitted to the court for hearing and determination.

"And the Court having seen and inspected said motion, and after oral argument and filing of briefs by the respective parties, and being duly advised in the premises, now finds that the jury rendered its verdict in this matter on February 15, 1963, assessing damages against plaintiff in the sum of $65,000.00; that no interest was rendered by the jury under its verdict; that the court-appointed appraisers filed their report with the court on October 25, 1961, showing total damages in the sum of $40,355.50, which sum was paid into court by the plaintiff on November 17, 1961; that the plaintiff, State of Indiana, deprived the defendant, Jordan Woods, Inc., of the use of its land appropriated, on or before the date of the payment of the appraiser's award into court on November 17, 1961; and that the defendant, Jordan Woods, Inc., is entitled to interest at the legal rate of 6% on the excess of the jury's verdict over and above the amount of the appraiser's award paid into court from November 17, 1961, until the date of judgment on February 15, 1963, and the court now sustains and grants said motion.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that said judgment rendered on February 15, 1963, be, and the same is, hereby amended, modified and completed, and is now made to be for the sum of $65,000.00, the amount of the jury's verdict, plus interest in the sum of $1,841.62, the total judgment being in the sum of $66,841.62. It is further ordered that this amendment and modification be, and the same is, hereby made a part of said judgment, and is made as of the date of said judgment, and is made a part thereof.

"Judgment against plaintiff for costs."

This appeal is from the modification of the judgment. The issues presented for determination in this appeal may be

stated as follows: May interest be added to the amount of the jury's verdict (1) when no prayer for interest was included in the exceptions to the appraisers' report made by the court appointed appraisers; (2) when no instruction was tendered or given relative to interest; (3) when no evidence was adduced by appellant or appellees relative to interest; and (4) when the court computed such interest in response to the motion to modify the judgment without hearing evidence specifically directed to the above questions.

Appellant's assigned error is:

"1. The court erred in sustaining Appellees motion to modify judgment.

"2. The court erred in entering judgment as modified."

Appellant contends that it is well settled by the laws of the State of Indiana that the judgment cannot vary the verdict, except as to form, citing Acts 1881 (Spec. Sess.), ch. 38, § 440, § 2-2501, Burns' 1946 Replacement; *Scheiring* v. *Baker* (1931), 202 Ind. 678, 177 N. E. 866; *Hass* v. *Wishmier's Estate* (1934), 99 Ind. App. 31, 190 N. E. 548; *Lake Erie, etc.* v. *Reed* (1914), 57 Ind. App. 65, 103 N. E. 127; *Pittman - Rice Coal Co.* v. *Hansen* (1947), 117 Ind. App. 508, 72 N. E. 2d 364.

Appellant contends in essence, relying on the above authorities, that the court in the instant case exceeded its discretionary power by returning a judgment which was not in conformity to the verdict.

Appellant further contends that if the defendants were successful in maintaining their claim for damages, interest could not be recovered because the defendants did not ask for interest, because the facts elicited by the evidence would not establish whether interest was a portion of the recoverable compensation and because no instructions were tendered nor given which charged the jury to find interest for the defendants.

Appellant further contends that the question of interest here is a factual matter, Acts 1905, ch. 48, § 8, p. 59; 1961, ch. 317, § 1, p. 884, § 3-1707, Burns' 1962 Cum. Supp. In order for the jury to make an intelligent decision as to the amount of interest recoverable by defendants, there should have been evidence heard as to the length of time such interest was due and owing, the amount of principal upon which interest would be computed, and the rate of interest. The date for computing interest is the date that the plaintiff, State of Indiana, actually takes possession of the defendants' realty. *Schnull* v. *Indianapolis, etc. R. Co.* (1920), 190 Ind. 572, 131 N. E. 51.

Appellant cites the case of *State ex rel. McNutt* v. *Orcutt* (1936), 211 Ind. 523, 199 N. E. 595, as authority for the reaffirmation of the rule in the *Schnull* case, *supra,* as stated at page 533 of the Indiana Reports to the effect:

". . . the interest should be included in the verdict, and the jury should be instructed accordingly, and there should be evidence as to the date of taking, for, if the landowner is permitted to remain in possession, notwithstanding title may be treated as passing as of the filing of proceedings, and remains in possession and enjoys the benefits of the appropriated land, interest should not be allowed. The question of interest in any given case is one of fact for the jury."

By reason of the authority above cited it is the appellant's contention that the trial court in this case infringed upon the function and duty of the jury, it being their further contention that the trial court does not have the capacity to pass on factual matters in a jury trial, and such matters are exclusively to be decided by the jury, and therefore a modified judgment which included interest, in their opinion, did not conform to the general verdict and should be expunged.

The appellees herein contend that after the 1961 amendment to § 3-1707, Burns', *supra,* it is impossible for the jury to make any determination as to whether interest is due or not when the funds paid into court pursuant to the court ap-

pointed appraisers report are drawn by the condemnees. When the condemnees draw down the funds paid into court they are not entitled to interest upon the amount drawn down. But where the verdict of the jury or the decision of the court awards damages upon the ultimate trial which exceeds the amount of the appraisers' award which has been drawn down, the condemnees are entitled to interest on that amount of the judgment which exceeds the amount paid into court under the appraisers' report and drawn down by them.

Under the 1961 amendment above referred to, the landowner may draw down the funds paid into court pursuant to the court appointed appraisers' award and still prosecute his appeal and have the damages finally determined by the court or the jury. The question of interest could not possibly be a factual matter to be determined exclusively by the jury after the 1961 amendment to § 3-1707, Burns' when the landowner draws down the funds paid into court pursuant to the court appointed appraisers' report for the following reasons: In determining whether there is any interest due the landowner for the loss of the use of his property, there must be a prior determination as to whether there is any excess sum upon which said interest can be allowed. In order to make this prior determination, there must be two findings, (1) what is the fair market value of the property appropriated and (2) what is the amount of the appraisers' award paid into court by the condemnor. The first determination as to what is the fair market value of the property appropriated is a question of fact for the jury to determine. However, the amount of the appraisers' award paid into court by the condemnor and upon which award the landowner based his exceptions is not admissible in evidence upon the trial of these exceptions, and it is reversible error to admit it into evidence. *State* v. *Hamer* (1937), 211 Ind. 570, 199 N. E. 589; *Halstead* v. *Vandalia R. Co.* (1911), 48 Ind. App. 96, 95 N. E. 439, 442.

Since the jury is not permitted to know the amount of the appraisers' award, they cannot possibly make a determination as to whether there is any excess amount over and above the appraisers' award upon which interest can be allowed. The jury can only determine the value of the property condemned and the damages, if any, to be awarded. Therefore, the finding of such excess amount must be determined by the court, and hence the court and not the jury must add interest, if any be due, to the damages found by the jury.

It appears that there are no Indiana cases bearing on the issue of interest that have been handed down since the 1961 amendment to § 3-1707, Burns', and consequently the appellee cites a number of cases outside of Indiana for authority for the position taken by them.

We deem the differences between the positions of the appellant and the appellees as being more apparent than real in view of the 1961 amendment to the statute and are favorably impressed with the reasoning of the appellees in their briefs. We further point out that the statute was again amended in 1965 and that such amendment by subsection six thereof specifically takes care of the problems that are inherent in the case at bar.

We are of the opinion that the Madison Circuit Court did not err in sustaining appellees' motion to modify the judgment to include interest, and did not err in entering the judgment as modified. The judgment of the Madison Circuit Court as amended and modified is affirmed.

Arterburn, C. J., Hunter, Myers and Mote, JJ., concur.

NOTE.—Reported in 225 N. E. 2d 767.