**BOARD OF COMMISSIONERS OF VANDERBURGH COUNTY, Indiana, Defendant-Appellant,**

v.

**Anna JOECKEL, Plaintiff-Appellee.**

No. 1–280A35.

Court of Appeals of Indiana, First District.

July 15, 1980.
Rehearing Denied Aug. 14, 1980.

Edwin R. Smith, Evansville, for defendant-appellant.

Charles C. Griffith, Johnson, Carroll & Griffith, Evansville, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

This is an appeal from a judgment in an inverse condemnation proceeding in favor of plaintiff-appellee Anna Joeckel (Plaintiff) and against defendant-appellant Board of Commissioners of Vanderburgh County, Indiana (Defendant).

We affirm.

## STATEMENT OF FACTS

Defendant planned, contracted for, and completed a bridge project which necessitated the acquisition of two separate easements from Plaintiff, a 73-year-old widow. The easements were negotiated and executed for Defendant by an agent. Plaintiff was paid $2,260. The evidence discloses that no mention was made of the ownership or disposition of marketable timber existing on one of the easements either in the negotiations or in the easement itself. Defendant, in exercising the purpose of its easement, cleared the area and cut down the marketable timber. The subcontractor responsible for the clearing, by agreement with Defendant, submitted his bid on the basis that he would receive the timber. The subcontractor sold the timber, consisting of 45 pecan trees, for $4,252.91.

Plaintiff filed this suit for inverse condemnation for the value of the trees. Her theory, as stated in her complaint and argued here, is that the grant of the easement to Defendant did not include a property

interest in the trees and, even though Defendant had right to clear and land and otherwise use the land in the enjoyment of its easement, Plaintiff retained the property right in the severed trees. The trial court accepted this theory and, proceeding under Ind.Code 32–11–1–12, the inverse condemnation statute, appointed appraisers and caused Plaintiff's damages to be assessed pursuant to the eminent domain statutes, Ind.Code 32–11–1–1 *et seq.* Defendant filed exceptions to the report of the appraisers. Upon a trial before a jury, damages were assessed in the amount of $14,000. Defendant then perfected this appeal.

## ISSUES

In its statement of issues in its brief, Defendant has listed 25 issues in two groups, has alleged in the first group errors arising in the determination of a taking and the assessment of damages, and has alleged in the second group errors arising in the course of the jury trial. Because of the similarities between and among many of the issues, we have restated them for the purpose of this opinion as follows:

I. Whether there was sufficient evidence to show any ground for rescission of the easement by Plaintiff.

II. Whether there was a taking of the trees as a matter of law.

III. Whether the trial court sufficiently instructed the court-appointed appraisers.

IV. Whether inverse condemnation proceedings apply to trees, and whether the property right in the trees was included in the grant of the easement.

V. Whether the trial court erred in permitting the court-appointed appraisers to testify as expert witnesses.

VI. Whether the trial court's instructions on damages to the appraisers were erroneous.

VII. Whether the witnesses at the trial followed the law in applying the proper measure of damages.

VIII. Whether the trial court erred in refusing to give Defendant's tendered damages instruction No. 7.

IX. Whether the verdict of the jury was excessive and contrary to the evidence.

## DISCUSSION AND DECISION

*Issues I, II, and IV.*

We will discuss these issues together as they involve the same basic question of law which is the principal issue of this action. That question may be stated as follows: When a public body acquires an easement for a right-of-way and no mention is made of the disposition of trees thereon, does the owner of the fee simple title retain the property right in the trees or is that property right included in the grant of the easement?

Defendant assumes in Issue I that the property interest in the trees passed upon the grant of the easement and that Plaintiff can escape the binding effect of her grant of easement only by showing some ground for rescission such as fraud, failure of consideration, mistake, misrepresentation, or duress. Plaintiff concedes that no ground for rescission exists and builds her entire argument on the premise that the property interest in the trees was not included in the grant of the easement.

Some general discussion of the nature of easements is necessary. In the absence of an agreement to the contrary, the owner of the servient estate may use his property in any manner and for any purpose consistent with the enjoyment of the easement by the owner of the easement. All rights necessarily incident to the enjoyment of the easement are possessed by the owner of the easement, and the owner of the servient estate may not interfere with such enjoyment. 11 I.L.E. *Easements* § 31 (1958); *Holding v. Indiana & Michigan Electric Company,* (1980) Ind.App., 400 N.E.2d 1154. The owner of the easement has a right to make such alterations and improvements as to make the grant effectual. *Mercurio v. Hall* (1924) 81 Ind.App. 554, 144 N.E. 248.

The laying out of a roadway gives the public a mere right of passage and the

owner of the soil is not thereby divested of his title to the land. *Hagaman v. Moore*, (1882) 84 Ind. 496; *Vaughn v. Stuzaker*, (1861) 16 Ind. 338. The owner of the fee simple retains ownership of the minerals of the land. *Cleveland, Cincinnati, Chicago and St. Louis Railway Company v. Simpson*, (1914) 182 Ind. 693, 104 N.E. 301.

■ It is stated in 39 Am.Jur.2d *Highways, Streets, and Bridges*, § 168 (1968) at 544, as follows:

"One owning the fee to land over which a highway passes, the public having merely an easement of passage, retains title to the trees and shrubs growing within the limits of such right of way . . . .. The view taken in many jurisdictions, however, is that the severance or removal of trees, even though justifiable, does not deprive the abutting owner of his property therein." (Footnotes omitted.)

An abutting property owner owns the fee in land upon which a highway is located and is the owner of the soil and of the trees growing thereon so far as that ownership is not inconsistent with the public use. *Western Union Telegraph Company v. Krueger*, (1902) 30 Ind.App. 28, 64 N.E. 635.

■ In eminent domain proceedings the acquisition of property must be for public use. *Great Western Natural Gas and Oil Company v. Hawkins*, (1903) 30 Ind.App. 557, 66 N.E. 765.

In *State v. Curtis*, (1961) 241 Ind. 507, 173 N.E.2d 652, the Supreme Court approached a problem similar to the one stated in this case. There, by condemnation, the State acquired a "temporary right-of-way" over land and attempted to remove and sell buildings and improvements thereon. No definitive description of the rights acquired by the State was contained in the judgment. The court upheld an injunction prohibiting the State from removing or selling the buildings and improvements, stating in 241 Ind. at 512, 173 N.E.2d at 654:

"The use of the so-called 'temporary right-of-way' is left vague and uncertain. The trial court had the right to conclude that the State had no right to sell or disturb the improvements on the so-called 'temporary right-of-way,' under the order and judgment of condemnation in *the absence* of any expressed provision therein." (Emphasis added).

Defendant's authorities which stand for the proposition that conveyances of land in fee simple include trees, minerals, and improvements are, of course, correct, but in the instant case a mere easement is involved. Application of the above authorities to this case demonstrates that acquisition of the trees formed no part of the rights necessarily incident to the enjoyment of Defendant's easement. Taking of Plaintiff's trees and selling them at a mill for profit could hardly be classified as a public purpose. The acquisition of a mere easement right-of-way does not include anything upon the right-of-way in the absence of any express provision to the contrary.

■ We hold that in the absence of either an agreement to the contrary or a judgment in condemnation containing an express provision to the contrary, an easement for highway purposes does not include the property interest and ownership in the trees growing thereon as the trees remain the property of the owner of the fee simple. We further hold that the trees may be removed by the holder of the easement if such removal is reasonably necessary to effect the enjoyment of the easement, but the property interest in the trees does not pass.

Defendant also argues in Issues II and IV that any "taking" here involves logs or trees and not land, and that eminent domain or inverse condemnation proceedings apply only to land and not personal property.

■ Article 1, § 21 of the Indiana Constitution states that "[n]o man's property shall be taken by law, without just compensation." Inverse condemnation cases exist which define "taking." A taking by eminent domain, by the modern and prevailing view, includes any substantial interference with private property which destroys or impairs one's free use and enjoyment of the property or one's interest in the property.

*State v. Stefaniak*, (1968) 250 Ind. 631, 238 N.E.2d 451. Blocking egress to property is a taking. *State v. Jordan*, (1966) 247 Ind. 361, 215 N.E.2d 32. The cutting off of a property's access to a highway by the acquisition of surrounding property is regarded as a taking, *State v. Jordan, supra*, as is road construction which places an owner's property in violation of zoning ordinances. *Schuh v. State*, (1968) 251 Ind. 403, 241 N.E.2d 362. Eminent domain extends to timber. 29A C.J.S. *Eminent Domain* § 67 (1965), 11 I.L.E. *Eminent Domain* § 10 (1958).

 In the case at bar, trees, once realty, were severed by Defendant and its agents and sold at a price nearly double that paid for the easement. Under the authorities, we are of the opinion that a taking occurred within the meaning of inverse condemnation.

*Issues III and VI.*

 In these specifications Defendant argues that the trial court erred in insufficiently instructing the appraisers, and in erroneously instructing the appraisers by giving them Indiana Pattern Jury Instruction No. 25.03(8) which defines fair market value. Defendant says in its brief that there is no record that the trial court gave *any* instructions to the appraisers, but "assuming" it did, Indiana Pattern Jury Instruction No. 25.03(8) for fair market value was erroneous. This case was tried before a jury solely upon the issue of damages, and that is the judgment being appealed. The jury may not be permitted to know the amount of the appraiser's award. *State v. Jordan Woods, Inc.*, (1967) 248 Ind. 208, 225 N.E.2d 767. The trial on the issue of damages in an eminent domain action is a trial *de novo*. *Indiana & Michigan Electric Company v. Louck*, (1965) 247 Ind. 24, 206 N.E.2d 871. We fail to see any prejudice to Defendant or any relevancy in the supposed error.

*Issues V and VII.*

 In these assignments of error Defendant contends that the trial court erred

in permitting the court-appointed appraisers to testify as experts on behalf of Plaintiff. Defendant alleges in its brief that "they were not experts on the subject of timber appraisal" and they "knew absolutely nothing about the subject". This is the sum total of the summary of the evidence relative to the appraisers' qualifications or their testimony of value contained in Defendant's brief under these headings. On an issue of the admissibility of particular evidence, a recital of the evidence or a summary thereof, and the objections thereto, must be set out in the argument section of the brief; having failed to do so, Defendant has waived all error in connection with the objection. *Guerrettaz v. Public Service Co. of Ind., Inc.*, (1949) 227 Ind. 556, 87 N.E.2d 721; *Huber v. Huber*, (1960) 131 Ind.App. 96, 164 N.E.2d 651. We will not search the record to supply those deficiencies.

 Assuming, *arguendo*, that timber appraisal is a proper subject of expert testimony, the trial court is vested with broad discretion in determining the qualifications of the experts and the nature and admissibility of testimony. *Hartzler v. Chesapeake and Ohio Railway Company*, (7th Cir. 1970) 433 F.2d 104; *Lengyel v. Hecht*, (1968) 143 Ind.App. 660, 242 N.E.2d 135. The court's discretion as to the admissibility of opinion evidence generally will not be disturbed. *Southern Surety Company v. Calverly, Admr.*, (1924) 195 Ind. 247, 143 N.E. 626. Exercise of such discretion will not be reversed unless clear abuse thereof is shown. *City of Bloomington v. Holt*, (1977) Ind.App., 361 N.E.2d 1211.

Defendant, as heretofore stated, by failing to set forth the evidence relative to its argument and its objections thereto, has given us no basis from which we can review the trial court's discretion in admitting the testimony.

*Issue VIII.*

Defendant's next allegation of error concerns the trial court's refusal to give Defendant's instruction No. 7, which reads as follows:

"The customary method used to determine the fair market value of a standing tree as of a specific date is to determine the species of the tree, determine the number of board feet of lumber in the tree, determine the quality grades of the lumber, determine the market price per board foot of lumber of the species and quality grades as of the specific date in the Evansville area and then multiply the number of board feet by the price per board foot."

The trial court instructed the jury by its instruction No. 2 that "just compensation means that the plaintiff should receive an amount of money sufficient to put her in as good a financial condition as she would have been if her property had not been taken." In the trial court's instruction No. 3 the jury was told that the "fair market value" means the price or consideration for which the property in question would sell in a good faith transaction between an owner willing to sell but not compelled to sell and a buyer willing to buy but not compelled to buy. Ind.Code 32–11–1–6 uses the term "fair market value" as a standard. The court's instruction has been approved in the case of *City of Lafayette v. Beeler*, (1978) Ind.App., 381 N.E.2d 1287.

We view Defendant's instruction No. 7 as a statement of one technique of appraisal and not as a statement of a measure of damages. Defendant called a witness who testified that such was the customary way to appraise timber. It was evidence to be considered by the jury along with all the other evidence tending to prove damages. The trial court did not err in refusing the instruction.

*Issue IX.*

In this last issue Defendant claims that the jury verdict was excessive and contrary to the evidence. Insomuch as the only issue before the jury was damages, the excessiveness of the verdict is the only issue. Defendant argues that the preponderance of the evidence is against the verdict.

It is a well-settled rule that this court will not disturb an award of damages when the amount is within the bounds of probative evidence adduced at trial. *Beyer v. State*, (1972) 258 Ind. 227, 280 N.E.2d 604. Here evidence of damages ranged from $4,252.91 to $22,000. Defendant's argument is predicated upon the incompetence of Plaintiff's witnesses and the proficiency of its own witnesses. We will not weigh the evidence nor judge the credibility of the witnesses. *Lawrence County Commissioners v. Chorely*, (1979) Ind.App., 398 N.E.2d 694.

For the reasons stated in this opinion, this cause is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J. concur.